(78 South. 876)

PINSON v. STATE. (8 Div. 35.)

(Supreme Court of Alabama. April 11, 1918.)

1. CRIMINAL LAW ⬅763, 764(24) — INSTRUCTIONS—INVADING JURY'S PROVINCE.
   Requested charge, "If there is a single fact proved to the satisfaction of the jury * * * inconsistent with * * * guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit," invades the province of the jury.

2. CRIMINAL LAW ⬅789(18)—INSTRUCTIONS—LIMITING CONSIDERATION OF EVIDENCE.
   Such charge is also faulty in omitting to hypothesize the consideration of the other evidence bearing on the issue of guilt vel non, in consideration with the single fact.

3. CRIMINAL LAW ⬅776(5) — REASONABLE DOUBT—GOOD CHARACTER—INSTRUCTIONS.
   Requested charge, "Good character alone, when proven, may be sufficient to generate reasonable doubt of defendant's guilt, when without such proof * * * the jury would have no doubt of his guilt," is bad.

4. CRIMINAL LAW ⬅789(4)—ARGUMENTATIVE INSTRUCTIONS.
   Requested charge that the requirement that juries must believe defendant guilty from the evidence beyond a reasonable doubt is not a fiction of law, but is intended as a substantial shield against conviction till, etc., is argumentative.

5. CRIMINAL LAW ⬅363—RES GESTÆ.
   Conversation between defendant and deceased after he had shot her in the house, and they had gone out doors, was not admissible as part of the res gestæ.

6. CRIMINAL LAW ⬅407(1) — EVIDENCE — FAILURE TO ANSWER STATEMENT.
   Evidence that after defendant shot deceased he said to her that he would not have shot her for anything, and she replied that he did shoot her for nothing, and that he then said nothing, is admissible on the issue of intentional shooting; silence, when the circumstances reasonably call for denial or explanation, being for the jury's consideration.

7. WITNESSES ⬅350—CHARACTER—ACCUSATION OF CRIME.
   Defendant may not show that state's witness had been accused of the crime for which defendant was on trial.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Rufus Pinson was convicted of murder, and appeals. Affirmed.

The following are the charges refused to defendant:

(O) If there is one single fact proved to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit.

(P) Good character alone, when proven, may be sufficient to generate a reasonable doubt of defendant's guilt, when without such proof of good character the jury would have no doubt of his guilt.

(Q) The requirement that juries must believe defendant guilty from the evidence beyond a reasonable doubt is not a fiction of law, but is intended as a substantial shield against conviction until that degree of proof is made which leads the jury to believe that defendant cannot reasonably be innocent under the evidence.

A. H. Carmichael, of Tuscumbia, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

McCLELLAN, J. [1-4] Under an indictment charging the appellant with murder in the first degree he was adjudged guilty of murder in the second degree. The deceased was Anna Kirk. No exceptions were reserved to the oral charge of the court. Three special requests for instructions were refused to the defendant. In this action of the court no prejudicial error in shown. The charge we have lettered O invaded the jury's province; and, besides, it was faulty in omitting to hypothesize the consideration of the other evidence bearing upon the issue of guilt vel non, in connection with the "single fact" referred to in the hypothesis of the request. That we have lettered P was bad. Charge A, given for defendant, correctly stated the law in that particular. That we have lettered Q was argumentative in character. Furthermore, the jury was repeatedly correctly advised, at defendant's instance, of the legal measure of certainty of guilt requisite to justify the conviction of the defendant.

There was abundant evidence upon which the trial court was authorized to rest its conclusion that a sufficient predicate had been laid to admit evidence of the dying declaration of Anna Kirk.

[5, 6] The only questions reserved for review that merit any particular consideration relate to the action of the court in overruling defendant's objections to testimony purporting to detail a conversation between Anna

Kirk and the defendant. It is manifest that this conversation was not a part of the res gestæ. The shooting occurred in a room occupied by the defendant in the house of Henry Newsum. This conversation took place outside of the house, some little time after the shooting. The propriety of its admissibility must be referred, if at all, to other principles than those which justify the reception of testimony within the res gestæ of the event. That Anna Kirk was shot with a gun in the hands of the defendant was admitted by the defendant. He claimed that the shooting was an accident; that he was rubbing up the gun when Anna came into the room; that the gun was unintentionally innocently discharged. The state's theory seems to have been that the defendant was in his own room; that a female relative of Anna Kirk was in the room with him, the front door thereto being fastened; that Anna Kirk, finding the front door fastened, approached the other door of the room from the rear and called to the woman in the room to come out; that thereupon the defendant threatened this woman if she left the room; that when Anna Kirk started to push the unfastened rear door to the room open the defendant told her he would kill her if she came in; that the defendant then had the gun raised in a shooting posture; that Anna Kirk put her arm and shoulder through the door with a view to going into the room, whereupon the defendant shot her in the upper arm; that tetanus developed, from which she died in about ten days. Immediately after the shooting Anna Kirk went into the room, to the bed, and later left the room and went out in the yard, where the witnesses say the conversation to be stated, substantially, took place. Some of the witnesses say the defendant said, "Lord, Miss Anna, I wouldn't have shot you for the world," or, "Miss Anna, I would not have shot you for nothing," and that Anna Kirk replied, "You did do it for nothing," or, "Don't touch me, Rufus, don't put your hands on me; you shot me for nothing; don't put your hands on me," and that the defendant did not say anything, that he was crying. In addition to the objections to the questions eliciting testimony detailing this conversation, there was a separate motion to exclude the response or statement attributed to Anna Kirk. The court did not, in our opinion, err in either of the respects indicated with reference to this conversation. While the defendant's remark to Anna Kirk, especially in connection with its evidence of penitence, justified the theory of innocence he urged upon the trial, yet what he said, if not susceptible of some incriminatory interpretation, was the inducement to the response made by Anna Kirk; and this response by her bore the implication, at least, that the defendant had intentionally shot her, a statement that, when made to him, seemed to call for a denial which, according to some phases of the evidence, he did not give when so charged by Anna Kirk. Silence, when the circumstances reasonably seem to call for a denial or explanation, is evidence for the jury's consideration, to be received with caution, in determining the guilt of the accused. 4 Michie, Dig. Ala. Rep. p. 178 et seq.; James v. State, 167 Ala. 14, 52 South. 840; Raymond v. State, 154 Ala. 1, 45 South. 895.

[7] There was no error in sustaining the objection of the state to the questions whereby it was sought to elicit evidence to the effect that the state's witness had been accused of the crime for which defendant was on trial. Patton's Case, 197 Ala. 180, 72 South. 401.

The question of the guilt of this defendant was, under all the evidence, for the jury. The real issue was, as stated, whether the defendant purposely shot Anna Kirk. Since no prejudicial error has been shown, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.