(131 So. 248)

## McGEE v. STATE.

### 4 Div. 603.

Court of Appeals of Alabama.
Nov. 18, 1930.

J. C. Yarbrough, of Enterprise, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The appellant was indicted, tried, and convicted for the offense of violating the prohibition laws of the state (Code 1923, § 4615 et seq., as amended). He was fined $275, and in addition thereto was duly sentenced to imprisonment at hard labor for the county, and appeals.

The first insistence of appellant, to the effect that "there is no caption to the indictment showing when and where the court was held, who presided as judge, the venire, who were summoned and sworn as grand jurors, and that this alleged omission is fatal error rendering the purported indictment void," cannot be sustained. The caption of an indictment contemplated under section 4526 of the Code 1923, is that entry of record showing when and where the court is held, who presided as judge, the venire, and who were summoned and sworn as grand jurors; all this to be shown by the minutes of the court, and this caption is applicable to or is a part of every indictment preferred at such term of the court, and need not be again repeated in any part of the indictment. Overton v. State, 60 Ala. 73; Elmer Maloy v. State, ante, p. 123, 130 So. 902.

We are not authorized to assume that the minutes of the lower court failed in respect to the statutory requirements, and, where error is urged, the duty devolves upon appellant to sustain such insistence, and in this matter there is nothing before this court to this end.

Under the conflicting evidence in this case, jury questions were presented; therefore the insistence that the defendant was entitled to the general affirmative charge cannot be sustained. Such charge was properly refused.

Charge 2, refused to defendant, dealt with the question of a unanimous verdict by the jury, and the provision that, in the absence of such unanimity, the jury would be unauthorized to convict. It stated a correct proposition of law, but its refusal to defendant in this case did not constitute error, for the reason that the principle of law involved in said charge was fairly and substantially covered by the oral charge of the court wherein the court stated: "Now we do not have, as I said to the other Jury today, majority verdicts in this State; some jurisdictions have majority verdicts, but we do not. It is required by our law that each member of the jury be convinced beyond a reasonable doubt before a verdict could be returned against the defendant. Each one individually and severally from the other must be convinced beyond a reasonable doubt and all agree upon the verdict rendered before it would be valid.

Likewise, eleven of you may be in favor of an acquittal and only one man against it, but you could not return a verdict because the law requires it to be unanimous. That does not mean that you would acquit him, but summed up it means a mistrial unless all of the jury agree on the verdict."

Where a proposition of law has been given by the court to the jury, either in the oral charge, or by the charges given at the request of parties, the trial court is under no duty to repeat such charge, notwithstanding it may be correct.

■ The principal witness for the state was one Sam E. Key, a so-called undercover man, and upon his testimony the state relied for a conviction, and elected to proceed upon an alleged sale of one pint of whisky bought for him and delivered to him, according to his testimony, by a negro hotel boy named Ralph Upshaw, and that he saw him buy it from this appellant. This particular bottle of whisky was introduced in evidence in connection with the testimony of witness Key. Upon examination of the sheriff, C. F. Lightner, three other pints of liquor were displayed and exhibited to the jury, and, over the objection and exception of appellant, this witness was permitted to testify: "Well there were four pints. Three I marked for McGee (appellant) and I had another pint. I put McGee on all of it though." During the examination of this witness, he was permitted to leave the witness stand after stating: "The pint he got from the negro is down in the vault, but it is all like this. Yes, I can get it"—and returned with another bottle of whisky, whereupon he was asked by the solicitor, upon resuming the witness chair: "Q. Now, Mr. Lightner on the 10th day of May, he gave you this and told you it was Upshaw's?" Over objection and exception, this witness was permitted to testify in answer to the question: "A. Yes Sir: Yes sir that is the pint of liquor he (Key) gave me when he gave one pint." This witness was thus permitted to testify to the incriminating statement as to what witness Key told him when delivering him the whisky; all this in the absence of the defendant and by which under no rule of evidence could the defendant be bound. This was error to a reversal.

■ There was also error in allowing the sheriff to display before the jury the several bottles of whisky not involved in this prosecution and to state, "I put McGee on all of it," etc., as per testimony hereinabove quoted. The injurious effect of these illegal and improper matters were not, in our opinion, cured by the rulings of the court in the following occurrence, as shown by the record. The record shows:

Whereupon the defendant made the following motion: "Now we move the court to withdraw the case from the Jury on the grounds that three pints of liquor have been exhibited here which are not connected with this case or defendant in this case."

Whereupon the court ruled as follows: "I will overrule your motion but I will instruct the jury that the three pints of liquor they brought in here had nothing to do with this case, whatever. The evidence in this case, and in this case alone, and nothing has been said, about the other three pints in any evidence that I know of. Only this pint here is in controversy and is charged against him at the time as having been sold."

To this ruling of the court, defendant reserved an exception.

■ The defendant testified in his own behalf, and denied that he sold the bottle of whisky in question to witness Key, or to the negro Upshaw. On cross-examination of this witness, over objections and exceptions, the solicitor was permitted to propound to the defendant the following question: "Q. Didn't you go to Elba during the flood when the Militia had charge over there and sell liquor to the soldiers in March of this year?" Also the question: "Q. Didn't you sell school boys liquor here in Enterprise and make them drunk?" These inquiries were foreign to any issue in this case, and manifestly very prejudicial to defendant, and the court's rulings in permitting such prejudicial inquiries were error also.

■ The general and well-recognized rule is that, in a prosecution for a particular offense, evidence tending to show defendant guilty of another and distinct offense, disconnected with the crime charged, is inadmissible; the manifest purpose of this rule being to prevent prejudice to the defendant in the minds of the jury by the introduction of evidence of offenses for which he is not indicted, to which he is not finally to answer, and building up a conviction on inferences of guilt from the fact that he had committed another offense. The justice, fairness, and reason for the rule is apparent, and, as said in the case of Gassenheimer v. State, 52 Ala. 313: "A strict adherence to it is necessary to prevent criminal prosecutions from becoming instruments of oppression and injustice." Dennison v. State, 17 Ala. App. 674, 677, 88 So. 211.

■ We need not treat fully the insistence of error in connection with the argument of the solicitor. The utterances complained of, however, were not founded upon any fact in evidence, nor based upon legitimate inferences to be drawn therefrom, and hence had no place in the proper and legitimate presentation of this case to the jury. Upon another trial, in all probability such argument will not be repeated. Whitfield v. State, 21 Ala. App. 490, 109 So. 524.

Reversed and remanded.