145 So. 581

## DUTTON v. STATE.

### 8 Div. 461.

Supreme Court of Alabama.

Dec. 15, 1932.

Seybourne H. Lynne, of Decatur, for petitioner.

Thos. E. Knight, Atty. Gen., for the State.

ANDERSON, C. J.

The Court of Appeals seems to concede, in the opinion, that the trial court erred in admitting evidence that certain jugs were found on defendant's premises, a point we do not decide, but applied the doctrine of error without injury because the case was tried by the court without a jury.

It has been well settled by the former decisions of this court that when a case is tried by a judge without a jury, and illegal evidence is introduced, it will require a reversal of the judgment unless the remaining evidence is without conflict and is sufficient to support the judgment. Springer v. Sullivan, 218 Ala. 645, 119 So. 851; Little v. People's Bank, 209 Ala. 620, 96 So. 763; Deal v. Houston County, 201 Ala. 431, 78 So. 809; First National Bank of Talladega v. Chaffin, 118 Ala. 246, 24 So. 80.

Ordinarily, this court will not review the Court of Appeals upon the application of the rule of error without injury; but when the application, as here, is based upon an erroneous statement of law, we will do so.

The writ of certiorari is awarded, the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration.

Writ awarded, and reversed and remanded.

All the Justices concur.