145 So. 587

## McGEE v. STATE.
### 4 Div. 924.

Court of Appeals of Alabama.
Jan. 17, 1933.

See, also, 24 Ala. App. 124, 131 So. 248.

J. C. Yarbrough, of Enterprise, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

This prosecution was instituted in the inferior court of Coffee county upon an affidavit and warrant, both of which were in proper form and substance, and charged this appellant with the offense of violating the prohibition laws of the state. From a judgment of conviction in said court he appealed to the circuit court. In the circuit court he was tried by a jury upon a complaint filed by the solicitor. Said complaint was based upon the same charge contained in the original affidavit. This procedure is permissible, but in prosecutions of this character it is not essential that the solicitor file a complaint on appeal in the circuit court. Section 4646, Code 1923. This section, among other things, provides: "The prosecution may continue no matter in what court or before what judge the trial shall be had upon the affidavit upon which it was originally begun," etc.

From a judgment of conviction in the circuit court this appeal was taken.

On the trial below, the corpus delicti was proven without dispute or conflict. The state witnesses, all officers of the law, testified to the effect that they found under the pillar of the home of this appellant five pints of whisky and upon the same occasion one pint of whisky closely adjacent to the defendant's house near a fence and that this particular pint was in a neighbor's yard right by the fence. As stated, the foregoing undisputed facts established the corpus delicti of the offense charged, and the sole remaining question was whether this appellant was the person in possession of the contraband liquor. The corpus delicti having been proven, it was permissible upon the trial to prove the voluntary confession of the accused upon the inquiry as stated. This was proven, also, without dispute or conflict. The insist-

ence of appellant in the court below, and also upon appeal here, that the predicates were insufficient to permit the introduction of defendant's confession is untenable and cannot be sustained. Without conflict, it was shown that the statements of the defendant, to the effect that all this whisky belonged to him and was in his possession, were entirely voluntary and were not made as a result of threats, promise, or reward or otherwise than of his own volition.

■ The remaining insistence of error, to the effect that the court erred in allowing the six bottles of whisky to be introduced in evidence is without merit. The finding of all this whisky constituted the corpus delicti, and the court properly allowed it to be introduced as evidence in this case. Appellant's able counsel cites the case of McGee v. State, 24 Ala. App. 124, 131 So. 248, in support of the contention made in this connection. The facts of that case are very different from the case at bar and are without analogy or similarity.

There was no error upon the trial of this case in the circuit court; therefore, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.