172 So. 680

## KIRTLAND v. STATE.
### 7 Div. 269.

. Court of Appeals of Alabama.
Feb. 16, 1937.

C. A. Wolfes, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for the State.

**SAMFORD, Judge.**

The State introduced testimony which tended to prove the finding of a quantity of beer and a small amount of whisky in the place of business of defendant, at which time and place the defendant was present.

There are numerous objections and exceptions to the introduction of evidence, which, as we are required to do by statute, we have examined and in none of them do we find questions of merit presented.

A charge of illegally possessing prohibited liquors can be sustained by circumstantial evidence just as any other material fact in establishing a criminal charge. Walker v. State, 19 Ala.App. 20, 95 So. 205.

Unquestionably, from the evidence in this case the prohibited liquors were found in the place of business of the defendant. From the facts and circumstances surrounding the constructive possession of the prohibited liquors, the court was authorized to infer that the defendant had a guilty knowledge of such possession. Dutton v. State, 226 Ala. 1, 145 So. 581.

Under the evidence in this case, it would make no difference as to the alcoholic content of the beer. In the first place, there was a half pint of whisky which in itself would have been sufficient to sustain a conviction; in the next place, the beer so found was not so labeled and branded as to come within the exemption of section 2 of the act of the Legislature of 1932 (Gen. Acts 1932, Ex.Sess., p. 56), as was pointed out in Edwards v. State, ante, p. 207, 169 So. 22.

We find no error in the record and the judgment is affirmed.

Affirmed.