181 So. 502

## RUSSO v. STATE.

### 6 Div. 333.

Supreme Court of Alabama.

May 19, 1938.

Bains & Bains, of Bessemer, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

KNIGHT, Justice.

Frank Russo, alias Frank LaRusso, appellant, was tried and convicted of murder in the first degree, under an indictment preferred by a Grand Jury in the Circuit Court of Jefferson County, Bessemer Division, and from this conviction he appeals.

The victim of the murder was the wife of the defendant. The scene of the crime was some few miles from Bessemer.

The deceased was shot several times, one of the bullets entered at the back of the neck and came out through the mouth, one entered her head back of the left ear, and

158

came out the right lower jaw. There was a bullet wound in the left shoulder above the clavicle. There was also a bullet wound in the left hand, the bullet went· entirely through the hand, entering the back of the hand, and coming out through the palm. There were powder burns surrounding each wound or bullet entrance, all evidencing the fact that the shots were fired at close range. There was no evidence or sign of any scuffle where the body was found, nor did her clothes indicate that they had been ruffled in any way.

The evidence showed that the defendant, at about the hour of 8:00 A. M., on June 2nd, 1937, took his wife in his automobile from his home in Bessemer, and drove out several miles into the country, under the pretense of getting a gallon of whiskey; that he stopped his car on a lonely road side, at a point where the woods came up to the road on one side, and it was at this point where the dead body of the woman was found some two to three hours later. It was also evident that at the time the woman was shot she was picking berries, for when found she had some of the berries in her hands.

■ The evidence offered by the state to connect the defendant with the murder, though circumstantial, points with unerring certainty to the defendant as the perpetrator, and to no one else. This evidence does not, as supposed and contended by appellant's counsel, simply raise a suspicion of the appellant's guilt, but was ample, if believed by the jury, to sustain conviction against the defendant of murder in the first degree. In fact, it would be exceedingly difficult to see just how the jury could have reached any other conclusion than they did, under the evidence in this case. The jury alone were triers of the fact. Nor was a motive lacking for the crime. The evidence tended to show, and if believed by the jury, did show, that the appellant had become enamored of his sister-in-law, Mary Antonio, and it was open to the jury to find from the evidence that this love for his said sister-in-law led the appellant to murder his wife.

■ Our conclusion is that the evidence made a clear case for the jury, and the court properly refused to give the general affirmative charge for the defendant. This charge should never be given in cases where the evidence is sufficient to support a conviction. Montgomery v. State, 169 Ala. 12, 53 So. 991.

The record shows that the defendant requested more than ninety-five special charges, and that the court gave more than · fifty of these charges. The charges requested and given covered practically every principle of law applicable to the case, many of which dealt with the question of a "reasonable doubt" and the measure of proof in criminal cases where circumstantial evidence was relied upon for a conviction. The court was exceedingly liberal with the defendant in giving these charges. Some of them could well have been refused.

Refused charges 5, 32, 38, 47, 69, 73, 80 and 91 appear in the report of the case. Appellant undertakes in his brief to show that the court committed error in refusing to instruct the jury in the terms of these charges. We shall, therefore, undertake to demonstrate that the refusal of these charges involved no error, and certainly no prejudicial error which should work a reversal of the cause.

■ Refused charge 5 has been repeatedly condemned as invasion of the province of the jury, and also as misleading. Ex parte Davis, 184 Ala. 26, 63 So. 1010; Thomas et al. v. State, 215 Ala. 497, 111 So. 212; Burkett v. State, 215 Ala. 453, 111 So. 34; Hudson v. State, 217 Ala. 479, 116 So. 800; Smith v. State, 230 Ala. 18, 158 So. 808; Pinson v. State, 201 Ala. 522, 78 So. 876.

■ Charge 32 refused to the defendant has been held good, but, in this case, the principle of law asserted by this charge was amply covered by other charges given at the request of the defendant, and which dealt with the burden of proof, and the degree of conviction required in criminal cases. Therefore, the court will not reverse the case for the refusal to give this charge.

■ Charge 38 was refused without error. This charge was fully covered by other instructions given at the request of the defendant. The court had charged the jury that they must acquit the defendant unless shown to be guilty beyond a reasonable doubt. This charge given the jury was far more rigorous against the state than refused requested charge 38, as pointed out in the case of Edwards v. State, 205 Ala. 160, 87 So. 179. The refusal, therefore, of charge 38 involved no prejudicial error. Edwards v. State, supra.

■ Requested charge 47 was refused without error. In the first place, it went

further than to assert that unanimity among jurors as to belief of guilt beyond a reasonable doubt is necessary to a conviction. It had a tendency "to inculcate the idea that the conclusion of each juror should be reached and adhered to without the aid of that consideration and deliberation with his fellows which the law intends shall take place in the jury room." Diamond v. State, 15 Ala.App. 33, 72 So. 558, 561, certiorari denied, 198 Ala. 694, 73 So. 1002; Troup v. State, 160 Ala. 125, 49 So. 332; Ex parte State ex rel. Attorney General, 213 Ala. 390, 104 So. 773. The charge was refused without error for the reason that the principle of law attempted to be asserted, in so far as it was sound, was fully covered by defendant's given charges 3 and 4.

Each applicable principle of law attempted to be asserted by defendant's refused charge 69 was fully covered by defendant's given charges 9 and 19. In fact this charge is a duplicate of Charge 19 given at request of defendant.

Charge 73 was refused without error. It was fully covered by given charge 18, requested by the defendant.

Defendant's requested charge 80 was fully covered by a number of other charges given at the request of defendant, and hence no error can be predicated upon the refusal of this charge, even if it is not positively bad for the qualification attached to it, viz.: "that each would be willing to act on the decision in a matter of the highest concern to themselves."

Refused charge 91, if otherwise free from objection, was fully covered by defendant's given charge 46.

We have carefully examined the defendant's given and refused charges, and in each instance have found that such of the defendant's refused charges, as assert correct principles of law, were fully covered by the other written charges given at the request of the defendant. As pointed out above, the defendant requested more than 90 written charges, and practically all of them related to burden of proof. Of this number, the court gave the jury upward of fifty. This multiplication of charges was wholly unnecessary, and could but tend to befog, rather than aid the jury.

It is also insisted that the court committed error in not excluding the following portion of the solicitor's argument to the jury, on timely objection of the defendant: "On the morning of June second, the whole country was shocked with the murder that had been committed down here." No doubt it was. It would be difficult to imagine such a happening in a community without producing that effect. This argument was no such appeal to prejudice or passion as to require its exclusion, or a reversal of the judgment for the failure of the court to exclude it.

The record in this case has been carefully read, and we are of the opinion no reversible errors are disclosed. The defendant had the benefit of counsel learned in the law, and who seems to have been very alert in protecting the rights of his client. We find nothing in the record to even suggest that any hostility existed in the county of the trial against the defendant. Nothing to indicate in the slightest that any feeling existed there against this appellant by reason of this crime charged against him. All of his legal and constitutional rights seem to have been carefully observed and protected. The record shows defendant had a fair trial, and the verdict responded to the evidence. That the defendant was the author of his wife's death, the evidence leaves no room to doubt; that the jury tempered its judgment with mercy, we think its verdict discloses, when it is read in connection with the evidence. There is nothing in the record that would justify judicial interference with the verdict. The motion for a new trial was, in our judgment, properly overruled.

We find no errors in the record, and the judgment of the circuit court must be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.