187 So. 504

## BARFIELD v. STATE.

## 4 Div. 470.

Court of Appeals of Alabama.

Dec. 20, 1938.

Rehearing Denied Jan. 10, 1939.

W. Perry Calhoun, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and Keener Baxley, Asst. Atty. Gen., for the State.

RICE, Judge.

■ Where the record shows, as here, the original affidavit and warrant of arrest issued in the County Court, and an appeal bond in the usual form recites appellant's conviction in the County Court, it is the law that the recitals are sufficient to give the circuit court jurisdiction, notwithstanding the failure of the record to disclose a compliance with the Statute (Code 1923, Sec. 3839), requiring the Clerk of the County Court to prepare a certified copy of the proceedings, and hand it to the Clerk of the circuit court. Ex parte State ex rel. Attorney General, McLosky v. State, 210 Ala. 458, 98 So. 708.

Measured by the law as above set forth, the circuit court from which this appeal comes is fully shown to have had jurisdiction to try the case.

■ It is undisputed that in appellant's office, in the rear of the building in which he conducted a furniture store, in a locked iron safe to which appellant—present at the time—possessed and delivered (over to the officers) the keys, a quantity of whiskey, the possession of which was at the time prohibited by law, was found. Appellant neither admitted nor denied its possession.

But we think the facts and circumstances shown were sufficient to make the question of his guilt vel non one for the jury. Kirtland v. State, 27 Ala.App. 376, 172 So. 680.

We find nowhere a ruling infected with error, and the judgment is affirmed.

Affirmed.