1 So.2d 604

**EMERSON v. STATE.**

6 Div. 721.

Court of Appeals of Alabama.

Feb. 25, 1941.

Rehearing Denied March 18, 1941.

DeGraffenried & McDuffie, of Tuscaloosa, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Appellant was charged with the illegal possession of spirituous, vinous or malt liquors. Agents of the Alcoholic Beverage Control Board raided his premises in Tuscaloosa County and seized nineteen and

one half cases of assorted whiskey and about thirty cans of beer. He was originally tried in the county court of said county and upon conviction appealed to the circuit court, was there again convicted, and from that judgment appealed to this court.

Only two propositions of law are urged here for a reversal of the judgment below. It is contended by appellant that he was entitled to have given the general affirmative charge, duly requested in writing, and that in its refusal the court committed reversible error. The other contention for error is succinctly stated in appellant's brief: "After the jury had been instructed in this case the Court on its own accord decided to charge the jury further. The Court charged the jury as follows: 'Gentlemen of the Jury, the Court in some way overlooked instructing the jury that you had a right to assess a fine against the defendant not exceeding $500.00, and I will have to let you go back to your jury room and fix the fine.' "

It is insisted that the record presents substantial and prejudicial error, in the above quoted instruction to the jury, first, because it is not made to appear that it was delivered to the jury in open court in the presence of the appellant, and, second, because (quoting from appellant's brief) "it assumed that the jury would find the appellant guilty."

This court, sitting en banc, has read and carefully considered each of the insistences of error relied upon for a reversal of the judgment. We think that the general affirmative charge was properly refused and that error is not made to appear as regards the instruction to the jury quoted hereinabove.

 The rule has many times been stated as to the giving of the general affirmative charge for the accused. It cannot be given when the evidence affords an inference adverse to him. In such a case the question must be submitted to the jury for decision. Hargrove v. State, 147 Ala. 97, 41 So. 972, 119 Am.St.Rep. 60, 10 Ann.

Cas. 1126; Suttles v. State, 15 Ala.App. 582, 74 So. 400. We have accorded careful study to the argument and authorities submitted by able counsel for appellant, but are persuaded that as to the facts of this case they are not apposite. From the evidence submitted, and the inferences reasonably to be drawn therefrom, we think the jury could rightly conclude that the appellant was guilty as charged. Although, as argued by appellant, a guilty scienter must be proved, in such cases it may be established, and such is the case here, by circumstantial evidence. Wilson v. State, 27 Ala.App. 38, 166 So. 715.

 Nor is there basis for error in the giving of the oral instructions to the jury, above. Under the law, in determining whether a specified portion of the court's oral charge resulted in prejudicial error the entire charge will be considered. Hodges v. State, 22 Ala.App. 144, 113 So. 474; Holladay v. State, 20 Ala.App. 76, 101 So. 86. From a reading of the whole oral charge it is plain that the construction sought to be placed upon the quoted excerpt by appellant is not reasonable or accurate. The charge as a whole correctly states the applicable law in every detail, was clear and correct and without prejudicial effect to the defendant. And as to the contention that it was given to the jury without defendant being present and not in open court, we do not so interpret the record. The quoted instruction immediately follows the full oral charge and presumably was given under like circumstances. Instead of presuming error it must affirmatively appear. The reviewing court will presume that the trial court acted according to law unless the contrary appears from the record. Robertson v. State, 29 Ala.App. 399, 197 So. 73, certiorari denied 240 Ala. 51, 197 So. 75.

We have carefully searched the record for error and find none. We are unable to accord with the contentions of appellant, as forcefully presented by his able counsel, so the judgment must be affirmed.

Affirmed.