17 So.2d 285

## FLOWERS v. STATE.

### I Div. 468.

Court of Appeals of Alabama.

March 21, 1944.

Outlaw Seale & Kilborn, of Mobile, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and L. H. Brassell, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Upon an indictment for vagrancy, appellant was convicted of being the keeper or proprietor of a bawdy house, as prescribed by Subdivision (10), Section 437, Title 14, Code of 1940.

The principal evidence proffered by the State was the testimony of one of the raiding officers that, on two separate occasions when he visited the house, he found a man and woman undressed in one of the cabins, and that they were not married. To prove that these two couples were unmarried, the officer was allowed to testify, over due objection and exception, that the couples had given him statements to this effect.

These statements were not of the res gestae, were made out of the presence or hearing of the defendant, and were inadmissible as hearsay. Hays v. State, 110 Ala. 60, 62, 20 So. 322; Benjamin v. State, 12 Ala.App. 148, 150, 67 So. 792; McGee v. State, 24 Ala.App. 124, 126, 131 So. 248; Martin v. State, 16 Ala.App. 406, 78 So. 322; Edelman v. City of Gadsden, 16 Ala. App. 381, 77 So. 914; Howard v. State, 17 Ala.App. 464, 86 So. 172. A case on all fours is Commonwealth v. Evans, 53 Pa. Super. 443, 446, 447.

Trial was without a jury. With this evidence excluded, there was no proof to sustain the charge, so the judgment must be reversed. Dutton v. State, 226 Ala. 1, 145 So. 581; Rainey v. State, ante, p. 66, 12 So.2d 106(1).

The court is also impressed that, had there been legal proof showing the character of the premises as charged, there is grave doubt that guilty scienter on the part of the appellant was competently established.

Reversed and remanded.