without the defendant is represented and knowing what transpired at the time, and for that reason I called Mr. Prestwood and the State and they were both present there at the time this occurrence transpired."

The above statement was made, as stated by the trial judge, on the hearing of defendant's motion for a new trial.

■ After a careful consideration of the foregoing we are of the opinion that the substantial rights of defendant were in no manner injuriously affected or infringed. We cannot see how it might have influenced the jury in any manner. What was said was but a mere repetition of a correct proposition of law and in the presence of defendant's counsel who made no objection at the time whatever. And under the following authorities we are clear to the conclusion no prejudicial error was committed. Sup.Ct. Rule 45, Code 1940, Tit. 7, Appendix; Harwell v. State, 11 Ala.App. 188, 65 So. 702; Lee v. State, ante, p. 91, 13 So.2d 583; Gable et al. v. State, ante, p. 280, 15 So.2d 594, 598.

The defendant was accorded a fair and impartial trial and the term of imprisonment fixed by the trial court was, under the facts of this case, not only within the province of the court, but to our minds merciful in the extreme.

No reversible error appearing in any of the rulings of the court, and, as stated, the record proper being regular in all respects, it follows that the judgment of conviction from which this appeal was taken must stand affirmed. It is so ordered.

Affirmed.

F. S. Parnell, of Florence, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

18 So.2d 872

## GREEN v. STATE.

### 8 Div. 371.

Court of Appeals of Alabama.

March 21, 1944.

Rehearing Denied April 4, 1944.

SIMPSON, Judge.

■ A charge of illegally possessing prohibited liquors can be sustained by circumstantial evidence just as any other material fact in a criminal charge (Walker v. State, 19 Ala.App. 20, 95 So. 205) and if, from the facts and circumstances surrounding the constructive possession of the liquor, there arises a substantial inference against the innocence of the defendant, the court's conclusion of guilt will not be revised. Kirtland v. State, 27 Ala.App. 376, 172 So. 680, 681.

■ This statement of the law controls the present appeal. The whiskey the of-

ficers found was in the appellant's home, in plain view and near where she was sitting. When the officers knocked on the door, she started. making her exit to the kitchen. ·

As was said in the Kirtland case, supra: ."From the facts and circumstances surrounding the constructive possession of the prohibited liquors, the court was authorized to infer that the defendant had a guilty knowledge of such possession."

No error is made to appear.

Affirmed.

18 So.2d 742

## WILLIAMSON v. STATE.

### 7 Div. 765.

Court of Appeals of Alabama.
March 21, 1944.

Rehearing Denied April 4, 1944.

Jas. L. Carter, of Anniston, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

