26 So.2d 214

**PATE v. STATE.**

7 Div. 855.

Court of Appeals of Alabama.
May 21, 1946.

Rains & Rains, of Gadsden, for appellant.

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

This appeal is here from a judgment of conviction in the lower court on a charge of a violation of the prohibition law.

The question of most concern presented by the record is the action of the trial court in refusing to the defendant the general affirmative charge.

Without conflict in the evidence the searching officers found a quart fruit jar of whiskey under the edge of the porch of appellant's dwelling and also some bottles in the house that had "enough in them to run." At the time of the search the home was occupied by the appellant, his wife, a small child, and a son. All of the above named persons were at the house when the officers found the whiskey and bottles. A witness for the State testified that at the time the liquor was discovered, and again at the county jail, appellant's son stated in the presence and hearing of appellant that the whiskey did not belong to him (the son), but was his daddy's, to which assertions the defendant made no denial.

Both the father and son testified at the trial, and each denied that the above statements were made and each disclaimed also any knowledge of the whiskey or any connection with its possession.

■ Our courts recognize two kinds or conditions of possession as applied to the violation of the prohibition laws. (1) Actual or manucaptional possession. (2) Constructive or possession by physical dominion or control. Harbin v. State, 210 Ala. 55, 97 So. 426. Under the evidence in the case at bar only the latter has factual application.

■ The question of the right of a defendant in a criminal case to the general affirmative charge has been often considered by our appellate courts. Stating the rule generally, it has been held that a question for the jury is posed if the evidence affords a reasonable inference adverse to the innocence of the accused. Emerson v. State, 30 Ala.App. 89, 1 So.2d 604.

■ Also, our courts have pronounced the rule to be: " * * * when the facts, although undisputed are such that reasonable men may reasonably and conscientiously arrive at opposite conclusions from them, such facts present, not a question of law for the court, but a question of fact for the determination of the jury." Stearnes v. State, 4 Ala.App. 154, 58 So. 124.

■ A guilty scienter, a requisite element of proof in the instant case, may be established by circumstantial evidence. Emerson v. State, supra.

■ We entertain the view that the court below correctly refused the general affirmative charge to the defendant. Thompson v. State, 21 Ala.App. 498, 109 So. 557; Wilson v. State, 27 Ala.App. 38, 166 So. 715; McGee v. State, 25 Ala.App. 305, 145 So. 587; Key v. State, 22 Ala. App. 627, 118 So. 766; Bridgeforth v. State, 16 Ala.App. 239, 77 So. 77; Strickland v. State, 20 Ala.App. 600, 104 So. 351; Walker v. State, 19 Ala.App. 20, 95 So. 205.

The case of Eldridge v. State, 24 Ala. App. 395, 135 So. 646, upon which appellant relies in brief of counsel, is not in point in factual similarity.

■ Objections were interposed to the testimony of the officers, to what they asserted the son of appellant said with reference to his father's connection with the whiskey. The rulings in this particular must be sustained. It comes under the influence of the rule that if an incriminating statement is made in the presence and hearing of the accused that naturally calls for a reply and the defendant fails to deny the accusation, this evidence is admissible against him as an implied admission. Lowe v. State, 86 Ala. 47, 5 So. 435; Jones v. State, 156 Ala. 175, 47 So. 100.

■ The wide latitude permitted in cross-examination of witnesses was not abused. We hold, therefore, that no error can be charged to the ruling of the trial judge in overruling objections to the solicitor's questions to appellant's witness Logan Pate. Webster v. State, 19 Ala.App. 587, 100 So. 201; Ratliff v. State, 212 Ala. 410, 102 So. 621.

The lower court overruled objections of appellant's counsel to parts of the solicitor's argument to the jury. In the state of the record these alleged offending remarks cannot be intelligently reviewed, since only fragmentary portions of the statements appear.

We quote, as applicable here, from the case of Gray v. State, 19 Ala.App. 550, 98 So. 818, 819: "The remarks of the solicitor to which exceptions were reserved are too fragmentary to present the questions insisted upon. Solicitors in presenting cases to a jury should be fair and stay within the record, and, when they fail to do so, and it is properly presented by the record, this court will grant the relief to which appellant is entitled. Defendants should not be convicted by reason of the impassioned appeals of prosecuting officers; but, in order for this court to intelligently pass upon the question, enough of the remarks of the solicitor must be incorporated in the record to inform the court as to what was really said, and not mere disjointed sentences of the solicitor's speech."

Under the familiar rule by which we are guided, we are not convinced that we should disturb the judgment of the nisi prius court in his action in overruling the motion for new trial. Blue v. State, 246 Ala. 73, 19 So.2d 11; Russo v. State, 236 Ala. 155, 181 So. 502.

We have reviewed all questions presented by the record. It is ordered that the judgment of the primary court be affirmed.

Affirmed.