46 So.2d 854

### MARKS v. STATE.
### 6 Div. 67.

Court of Appeals of Alabama.
June 6, 1950.

Young & Young, of Vernon, for appellant.

---

1. Ante, p. 31.

362

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

At the October Term 1948, of above court, the grand jury returned an indictment against this appellant for the offense of violating the State Prohibition Law, Code 1940, Tit. 29, § 1 et seq., and therein charged that the defendant, did buy, sell or have in his possession illegally, give, barter, exchange, receive, deliver, carry, or ship prohibited liquors, etc.

The trial of the case was held at the November 1949 term of the court and resulted in the conviction of the defendant and the jury assessed a fine of fifty dollars, to which the court added hard labor for the county for a period of six months.

Proper judgment of conviction was pronounced and entered, from which this appeal was taken.

Upon this appeal there is but one question presented for our consideration, this is conceded by counsel for the respective parties; and the question is the sufficiency of the evidence to warrant and justify the conviction of the defendant. To this end the appellant insists that there was reversible error in the action of the court in refusing to defendant the affirmative charge requested by him, and in overruling and denying defendant's motion for a new trial based upon the same grounds.

The testimony tends to show that the Sheriff and his deputy, at the instance and request of the wife of defendant, and her father, went to defendant's home in the middle of the night in question and arrived there about three in the morning. After making their presence known they were refused admission, that is to say, no one responded to their knocks upon the door. The house was dark inside and the Sheriff flashed his light through the window and saw the appellant lying down on the floor in his undershirt and under the bed. The officers thereupon forced an entrance into the house through the front door. The lights in the house were then turned on. At that time there were present in the house the Sheriff of the county and his deputy, also the defendant and his wife, and the sister of Mrs. Marks, also a Mr. Tom Christian. The Sheriff asked defendant's wife where defendant's whiskey was, she said "Come on and I will show you.

"Q. What did the defendant say. A. Come on back honey, don't go down there and. I'll be good to you.

"Q. While Mr. Merchant (Sheriff) had gone with his wife to get the whiskey did you put the defendant under arrest? A. Yes sir. .

"Q. What happened? A. He asked to be excused and was standing out back of the house and he walked around the corner and took off running, and I took off after him and run about 150 yards and got to the cotton patch and lost him and I didn't find him again."

Mrs. Marks, wife of defendant went with the Sheriff and found in a pea patch, about forty yards from the house, a gallon of moonshine whiskey. At no time did the defendant deny that the whiskey was his.

Under the above stated facts, and other testimony of like import, we are clear to the conclusion that a jury question was presented and that the trial court committed no error in so holding. The general rule is that a jury question is presented if the evidence affords a reasonable inference adverse to the innocence of the accused. Pate v. State, 32 Ala.App. 365, 26 So.2d 214; Emerson v. State, 30 Ala. App. 89, 1 So.2d 604.

Affirmed.