77 So.2d 666

### W. F. ROUGHTON
v.
### STATE.

5 Div. 427.

Court of Appeals of Alabama.

Feb. 2, 1954.

Rehearing Denied March 3, 1954.

18

Si Garrett, Atty. Gen., Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

Defendant was charged under Title 29, Section 98, Code 1940, with the illegal possession of prohibited liquors. He was found guilty and fined $150 and costs.

As the sheriff of Macon County and his deputy were pursuing defendant's automobile, in which defendant and another were riding, an object was thrown from the car and the air was immediately filled with the odor of moonshine whiskey. During the chase the officers came abreast of the car several times and were able to see defendant at the wheel. The officers were blowing the siren and motioning to defendant to stop and he looked at them but kept going. Part of the time the officers were traveling 85 or 90 miles per hour. They were unable to apprehend defendant at the time. In about an hour they returned to the spot on the road where the object had been thrown from the car. They found a broken one-gallon jug and a wet place on the ground. The jug and the damp ground had a strong smell of moonshine whiskey.

The only evidence introduced by defendant was the testimony of character witnesses.

L. W. Jinks, Jr., Union Springs, John C. Walters, Troy, for appellant.

The uncontroverted testimony of the officers was sufficient proof of the illegal character of the contents of the jug. Gray v. State, 29 Ala.App. 568, 199 So. 255.

"A charge of illegally possessing prohibited liquors can be sustained by circumstantial evidence just as any other material fact in a criminal charge". Green v. State, 31 Ala.App. 359, 18 So.2d 872, 873.

If from the facts and circumstances proven, there arises a reasonable inference adverse to the innocence of the accused a jury question is presented. Emerson v. State, 30 Ala.App. 89, 1 So.2d 604; Pate v. State, 32 Ala.App. 365, 26 So.2d 214; Thompson v. State, 32 Ala.App. 402, 27 So.2d 55; Womack v. State, 34 Ala.App. 487, 41 So.2d 429.

We are of the opinion the State's uncontroverted evidence was sufficient to go to the jury on the question of the guilt of defendant, and there was no error in overruling appellant's motion to exclude the evidence nor in refusing the general affirmative charge.

The judgment of conviction is affirmed.

Affirmed.