96 So.2d 311

### Willie WALTON
### v.
### STATE.

8 Div. 887.

Court of Appeals of Alabama.

April 2, 1957.

Rehearing Denied April 30, 1957.

Powell & Powell, Decatur, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CATES, Judge.

Walton is here on appeal from a conviction on a nonjury trial in the Morgan County Court of violating Code 1940, Title 29, § 98, for which he was fined $100 and costs, together with additional punishment in the form of a hard labor sentence for the county for a term of four months.

Noah Lee, the only witness, was a deputy sheriff of Morgan County. On January 12, 1955, he was in a filling station in Decatur, Alabama, and saw Walton standing before his house when a taxi drove up. A lady in the taxi handed Walton something, and he, in turn, handed her a clear bottle. This was some 300 to 450 feet from the filling station.

The taxi was headed toward Lee and as it came abreast of him, he stopped it and asked the lady for the bottle Walton had handed her, which she took from her purse. This bottle, which was introduced in evidence, contained a half pint of wildcat whiskey. Lee did not search the taxi nor the lady's purse. Between the taxi's stop at Walton's house and Lee's flagging it down, there was an interval of a minute or two.

We have searched the record and find no error in the conduct of the trial. The offense was adequately described in the complaint, conformably to the statute, and the evidence we consider legally and rationally sufficient to sustain the trial court's conclusion that Walton was guilty beyond a reasonable doubt. The failure to search the cab and to negative that the bottle which Walton handed into the taxi was not surreptitiously disposed of before the taxi came up the street to the filling station may be a weak link in the chain of circumstances. But for us to reverse, the evidence must have a missing link.

Circumstantial evidence may support such a conclusion as that reached here by the trier of fact. Roughton v. State, 38 Ala.App. 17, 77 So.2d 666.

The judgment of the court below is hereby affirmed.

Affirmed.