97 So.2d 835

### Mote WRIGHT
v.
### STATE.
5 Div. 489.

Court of Appeals of Alabama.
Aug. 13, 1957.
Rehearing Denied Oct. 29, 1957.

Wilbanks & Wilbanks, Alexander City, for appellant.

John Patterson, Atty. Gen., and Robt. G. Kilgore, Jr., Asst. Atty. Gen., for State.

PRICE, Judge.

Defendant was charged under Section 98, Title 29, Code 1940, with the illegal possession of prohibited liquors. He was convicted and fined $500. A sentence of four months at hard labor was imposed.

The State's evidence tended to show that on Saturday night, September 3, 1955, two Coosa County officers watched the activity in and about defendant's house for an hour and a half. 12 to 15 automobiles were parked near the house. The officers had been to the premises many times before and had seen a number of parked cars, also several people were gathered in the house, talking loud, playing the rockola, and dancing. Soft drinks and sandwiches were sold in the house.

On this occasion the officers could see on the drawn shades the outline of people drinking from glasses. They could hear people ordering drinks of whiskey and heard a person ask when defendant was going to bring the whiskey. A woman's voice inquired of defendant whether the drink he was pouring for her was whiskey or wine.

Upon hearing the above inquiry by the woman the officers entered the house. They saw defendant and several others near a table on which there was a glass containing a half pint of moonshine whiskey. Defendant turned his back to the officers and walked away from the table. There was also a half pint of whiskey in a kitchen cabinet and about a dozen empty pint bottles containing the odor of whiskey.

Appellant testified there were some 15 or 20 persons at his home when the officers raided it. He stated that he sold sandwiches and soft drinks to the crowd; that the whiskey was not his; that he saw the officer take the half pint of whiskey from Julius Brown; that Julius had the whiskey in his hand and was pouring it into a glass; that the officer told Julius if he would say the whiskey belonged to defendant he would turn Julius loose, but that Julius denied that the whiskey was his or defendant's; that the officer said he would have to arrest both Brown and defendant; that Brown was arrested but not taken to jail, but that defendant was taken to jail after the sheriff came.

The officer, in rebuttal, denied that he told Julius he was under arrest for having the whiskey in his hand and that defendant was under arrest for its being in his

house, and testified the whiskey was not in Brown's hands.

 "Our courts recognize two kinds or conditions of possession as applied to the violation of the prohibition laws. (1) Actual or manucaptional possession. (2) Constructive or possession by physical dominion or control." Pate v. State, 32 Ala.App. 365, 26 So.2d 214, 215.

Where the possession is constructive, to sustain a conviction the State must show, in addition to the constructive possession, a guilty knowledge or scienter on the part of defendant. Grimes v. State, 38 Ala.App. 94, 76 So.2d 684. Such guilty knowledge may be established by circumstantial evidence. Emerson v. State, 30 Ala.App. 89, 1 So.2d 604; Grimes v. State, supra.

The facts and circumstances shown presented a question for the jury as to defendant's guilty knowledge of the presence of the whiskey, and there was sufficient evidence from which the jury might infer guilty knowledge. There was no error in the refusal of the general affirmative charge nor in the denial of the motion for a new trial.

Counsel insists the court committed reversible error in overruling defendant's objection to questions pertaining to the officers' observation of defendant's premises on previous occasions.

The court inquired of the solicitor as to the purpose of such testimony. The solicitor stated:

"Your Honor, we expect the evidence to show the officers went there and had evidence of violations that went on. If they search a dwelling without a search warrant it is not admissible, but if they search a public place without a warrant the evidence is admissible, and we expect to show on many occasions they had been there and it was open to the public, the people just flocked there and there had been automobiles out there around the place."

The court stated:

"It will be limited for the purpose of showing it was a public place"

* * * "I will let it in for the purpose of showing it was a public place."

We are of the opinion there was no error in admitting such evidence in view of the court's limitation of the testimony for the purpose stated.

There being no reversible error in the record, the judgment is affirmed.

Affirmed.