109 So.2d 756

**Delphine SPENCER**

v.

**STATE.**

**1 Div. 781.**

Court of Appeals of Alabama.

Oct. 28, 1958.

Rehearing Denied Dec. 2, 1958.

Windell C. Owens, Monroeville, for appellant.

John Patterson, Atty. Gen., and Robert C. Dillon, Asst. Atty. Gen., for the State.

CATES, Judge.

Delphine Spencer appeals her conviction on a charge of possessing prohibited liquor. She was tried without the intervention of a jury in the Circuit Court of

Monroe County on November 26, 1957, adjudged guilty, assessed a fine of $150, and sentenced to six months in jail. Due to illness of the clerk of the court below, the time for filing the transcript was duly extended.

The evidence for the State tended to show a deputy sheriff and an A. B. C. Board agent went to the house of Delphine, and there in the yard close to the steps leading to the house, in a carcass of an automobile tire used as a flower bed, they discovered two pints of moonshine whiskey. They also found another pint under the front door steps.

The defendant was not at home at that time. The only two occupants were her seventy-eight year old husband and her five year old son. The State's only evidence to show that Delphine possessed the whiskey came from a statement attributed by one of the officers to the five year old boy.

The defense adduced proof that, although her seventy-eight year old husband was not able to go away from home, he had arranged for the lease of the premises.

Regardless of whether or not we would consider Delphine as head of the household rather than her husband, and since there is here no field for operation of the common-law doctrine of the wife being coerced by the husband (see Mosely v. State, 19 Ala.App. 335, 97 So. 247; 14 Am.Jur., Criminal Law, § 62), we think it was palpably erroneous for the trial court to have considered the testimony that the five year old boy stated the whiskey belonged to Delphine. As was stated by this court, per Simpson, J., in Flowers v. State, 31 Ala.App. 337, 17 So.2d 285, 286:

> "These statements were not of the res gestae, were made out of the presence or hearing of the defendant, and were inadmissible as hearsay. * * *"

In Dutton v. State, 226 Ala. 1, 145 So. 581, the court, per Anderson, C. J., said:

> "It has been well settled by the former decisions of this court that when a case is tried by a judge without a jury, and illegal evidence is introduced, it will require a reversal of the judgment unless the remaining evidence is without conflict and is sufficient to support the judgment. * * *"

In Grimes v. State, 38 Ala.App. 94, 76 So.2d 684, there is a thorough review of constructive possession cases under Code 1940, T. 29, § 98. No common pattern of fact, of course, appears in the varied means by which alcoholic beverages may be secreted. Where actual manucaption does not exist, in order for the State to show possession (i. e., constructive possession) beyond a reasonable doubt, there should not be resort to speculation and surmise.

For the error indicated, the judgment below is reversed and the cause remanded.

Reversed and remanded.

### On Application for Rehearing

The Attorney General has asked us to extend this opinion so as to show the following from the transcript of evidence as to the testimony in chief of Lawrence Fountain recalled as a prosecution witness:

> "Q. Lawrence I'll ask you when you went out to Delphine's that day—how you happened to find the whiskey there? A. Delphine's little boy told me where it was.
>
> "Q. Did you ask him where his mother's whiskey was? A. Yes, sir.
>
> "Mr. Owens: I object to that Your Honor,—
>
> "The Court: I overrule the objection.
>
> "Mr. Owens: We except.
>
> "Q. The little boy told you where his mother's whiskey was?
>
> "Mr. Owens: I object to leading the witness.
>
> "The Court: I sustain the objection to leading the witness.

"Q. Did her little boy there tell you where her whiskey was? A. Yes, sir.

"Mr. Owens: I object to the testimony as to what the 5 year old boy told him Your Honor on the ground it's incompetent. It's not shown the little boy was competent to,—

"The Court: I overrule the objection.

From Carter v. State, 63 Ala. 52, it is abundantly clear that a child of tender years is incompetent as a witness until the condition is met, i. e., the trial judge fulfilling his duty to ascertain that the child comprehends the nature of an oath. 58 Am.Jur., Witnesses, § 134; 97 C.J.S. Witnesses § 58, notes 3, 4.

Whatever might be said as to the shortcomings and tardiness of the objections of defendant's counsel, and regardless of the discretion of a trial judge who has a child put *before* him as a witness (Code 1940, T. 7, §§ 439, 440), we consider the use of hearsay evidence here is wrong. Nor is Rule 45, Code 1940, Tit. 7 Appendix pertinent.

Application for rehearing overruled.