296 So.2d 192

**George BRUMMITT, alias**

**v.**

**STATE.**

**5 Div. 157.**

Court of Criminal Appeals of Alabama.

June 4, 1974.

Gray, Seay & Langford, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

Appellant was indicted for selling marijuana, a controlled substance, contrary to the provisions of Alabama Controlled Substances Act. This prohibition appears in Act No. 1407, Volume 3, page 2378, General Acts of 1971. The specific substance here involved is listed in § 204 (Schedule 1)(d), Act No. 1407, supra.

The jury returned a verdict of guilty and assessed a fine of $10,000.00. The court added imprisonment in the penitentiary for a term of fifteen years. Both punishments are authorized by § 401, page 2395, Act No. 1407, supra. The jury was authorized to impose a fine. Title 15, § 328, Recompiled Code, 1958. Act No. 1407, § 401, supra, does not confer authority on the jury to impose punishment by imprisonment in the penitentiary, but such authority is given the court by Title 15, § 328, Recompiled Code, 1958.

Appellant asserts that the trial court committed reversible error in overruling his motion, made during the progress of the trial, for a mistrial. The motion is predicated on evidence which shows that Taylor Noggle, an expert witness and State Toxicologist, came into the court in the presence of the jury with, in the words of the defendant's counsel, "a box big enough to hold a horse." The court said, "Well, I wouldn't say a horse. I would say a small dog." This colloquy took place after the jury was excluded from the room. Nothing was said in the presence of the jury about the box or its contents.

It appears from the record that the box contained other controlled substances in possession of the Toxicologist that were relevant in other cases. The Toxicologist did not want to release possession of these controlled substances.

The trial court, with the approval of the defense counsel, but without waiving his objection, instructed the jury as follows:

"THE COURT: Ladies and gentlemen of the jury, the box, pasteboard box, down there by Mr. Noggle's feet, which is about 11 by 11 inches square, has nothing in the world to do with this case, so you just ignore that box that is at his feet. Let's proceed with the case."

Appellant, in support of his contention of error in overruling his motion for a mistrial, cites McGee v. State, 24 Ala.App. 124, 131 So. 248(8), wherein it appears that the sheriff was allowed to display before the jury, in the trial of the defendant

**602**

for violating the prohibition law, several bottles of liquor not involved in the prosecution, and to state, "I put McGee on all of it * * *."

Whereupon the defendant made the following motion:

"Now we move the court to withdraw the case from the jury on the grounds that three pints of liquor have been exhibited here that are not connected with this case or the defendant in this case."

Whereupon the court overruled the motion and instructed the jury as follows:

" 'I will overrule your motion but I will instruct the jury that the three pints of liquor they brought in here had nothing to do with this case, whatever. The evidence in this case, and in this case alone, and nothing has been said, about the other three pints in any evidence that I know of. Only this pint here is in controversy and is charged against him at the time as having been sold.' "

This court held that the injurious effect of "these illegal and improper matters were not, in our opinion, cured by the rulings of the court . . ."

The record in the instant case does not show that the jury ever knew what was inside the box, or that it contained illegal substances incident to other trials. Also, for aught appearing in the record, the Toxicologist did not retrieve or lift from the box in the presence of the jury the envelope containing the marijuana relative to the instant trial.

We think the court's instructions to the jury were timely and sufficient to inform the jury that the box was not in evidence.

We find no prejudicial error in the ruling of the court with respect to the box, nor do we find in the record any error in the rulings of the court.

The judgment of the trial court is affirmed.

The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Super-numerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.