Because I disagree with the majority's conclusion that it was necessary that the substance the appellant possessed and smoked be confiscated and identified to sustain his conviction for second-degree possession of marijuana, I must respectfully dissent.
The Florida District Court of Appeals addressed a similar fact situation in Dean v. State, 406 So.2d 1162 (Fla. Dist. Ct. App. 1981), review denied, 413 So.2d 877 (Fla. 1982). In Dean, that court upheld a conviction for possession of marijuana, based on the officer's observation of the defendant smoking what he believed to be a marijuana cigarette, even though the officer did not confiscate and identify the object as a marijuana cigarette. The court explained its holding as follows:
 "Officer Reaume had substantial experience in narcotics investigation and was trained to recognize marijuana. His testimony that he saw all three occupants of the car smoking a cigarette in a manner commonly used in smoking marijuana coupled with his statement that he smelled a strong odor of marijuana smoke coming from the car immediately thereafter provided sufficient evidence for the jury to find, as it did find, that Tommy Dean had possessed not more than twenty grams of marijuana. The introduction of the contraband or the production of a chemical analysis is not always essential to a conviction for possession of a controlled substance. State v. Raulerson, 403 So.2d 1102 (Fla. 5th DCA, 1981.) See Sommers v. State, 404 So.2d 366 (Fla.2d DCA 1981)."
406 So.2d at 1164.
Similarly, in Alabama, we have held:
 "`The corpus delicti is a fact, proof of which may be made by circumstantial evidence. If there is a reasonable inference deducible from the evidence of its existence, the court must submit the question of the sufficiency and weight of the evidence tending to support that inference to the jury.' (citation omitted)"
McCloud v. State, 401 So.2d 314, 319 (Ala.Crim.App. 1981) (quotingMcDowell v. State, 238 Ala. 101, 189 So. 183 (1939)). For example, in Roughton v. State, 38 Ala. App. 17, 77 So.2d 666, cert. denied,262 Ala. 703, 77 So.2d 667 (1954), the Alabama Court of Appeals upheld a conviction for possession of a prohibited liquor even though the arresting officers did not confiscate the liquor from the defendant. In Roughton, the defendant, who was being pursued by police officers, threw an object out of his *Page 904 
automobile and the smell of moonshine whiskey immediately filled the air.Roughton, 38 Ala. App. at 18, 77 So.2d at 667. About one hour later, when the officers returned to the location where the defendant had thrown the object from his automobile, they found a broken one-gallon jug and a damp place on the ground that smelled strongly of moonshine whiskey. Id. The Alabama Court of Appeals held:
 "The uncontroverted testimony of the officers was sufficient proof of the illegal character of the contents of the jug.
 "`A charge of illegally possessing prohibited liquors can be sustained by circumstantial evidence just as any other material fact in a criminal charge.' Green v. State, 31 Ala. App. 359, 18 So.2d 872, 873.
 "If from the facts and circumstances proven, there arises a reasonable inference adverse to the innocence of the accused a jury question is presented."
Roughton, 38 Ala. App. at 19, 77 So.2d at 667 (citations omitted).
Similarly, the State presented sufficient circumstantial evidence in this case to establish that the substance the appellant possessed and smoked was marijuana. The officers' testimony about the manner in which the appellant and Raines smoked the cigarette-like object, the distinctive odor of burning marijuana at the scene, Burks' observation of Raines throwing a green leafy substance that looked like marijuana into the air and of the appellant hitting the cigarette-like object against the air conditioner as if to destroy it, the easily destructible nature of a marijuana cigarette, the cellophane found at the scene that smelled like marijuana, the odor of marijuana on the appellant's fingers, the lack of the odor of burning tobacco, and not finding any warm cigarette butts or filters on the ground in the area where the appellant and Raines were constituted sufficient circumstantial evidence to establish that the substance they saw the appellant possess and smoke was marijuana. Therefore, I respectfully dissent.