## WALKER v. STATE. (3 Div. 976.)

(Court of Appeals of Alabama. June 20, 1922. Rehearing Denied Oct. 24, 1922.)

1. **Intoxicating liquors** ⊝238(1) — **Evidence held to warrant submission to jury of question of unlawful possession.**

Evidence that accused, accompanied by a woman of bad character, drove his automobile into a side street and proceeded along it for some distance after turning out his lights, and was accosted by the officers while he was returning to his automobile from a trash pile, at which the officers then found two five-gallon jugs of whisky, *held* sufficient to take to the jury the question of defendant's guilt of unlawful possession of whisky.

2. **Intoxicating liquors** ⊝236(6½)—**Unlawful possession may be proved by circumstances.**

A charge of unlawful possession of intoxicating liquors may be sustained upon circumstantial evidence just as can any other criminal charge.

⊝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Criminal law ⊙⊶1037(1), 1055—Grounds for new trial, based on solicitor's argument, not reviewable without objection or exception to argument.**

Grounds for new trial, based upon the argument of the solicitor, cannot be raised on appeal by accused, where there was no showing that any objection to the argument was interposed or exception reserved in that connection.

**4. Criminal law ⊙⊶915, 919(5)—Erroneous argument and objections to affidavit cannot be first raised on motion for new trial.**

Objections to the argument of the solicitor and to the sufficiency of the affidavit cannot be raised for the first time on a motion for a new trial.

**5. Criminal law ⊙⊶789(16)—Charge, authorizing conviction notwithstanding possibility of innocence, is correct.**

A charge that if the jury are satisfied beyond a reasonable doubt of defendant's guilt, it is their duty to convict him, though they believe it is possible he is not guilty, is proper.

**6. Criminal law ⊙⊶813 — Abstract requested charges were properly refused.**

In a prosecution for unlawful possession of intoxicating liquor, requested charges as to the credibility of witnesses who were to receive fees for conviction were properly refused, where they were abstract.

**7. Criminal law ⊙⊶829(1)—Requests covered by oral charge were properly refused.**

Charges requested by accused were properly refused, where the propositions of law attempted to be embodied in them were fairly and substantially covered by the oral charge of the court.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Jim Walker was convicted of a violation of the prohibition laws, and he appeals. Affirmed.

Certiorari denied, Ex parte Jim Walker, 209 Ala. 702, 95 South. 922.

Charge 1, given for the state, is as follows:

"I charge you, gentlemen of the jury, that if you are satisfied beyond a reasonable doubt that the defendant is guilty, it is your duty to convict him, although you believe it is possible that he is not guilty."

The following charges were requested by defendant and refused by the court:

"(5) If it has been shown that any witness who has testified in this case will receive any fee in case the defendant is convicted, no matter what that fee may be, you must consider that fact if it be a fact in arriving at what weight you will give his or her testimony.

"(6) I charge you that, if you believe the evidence in this case beyond a reasonable doubt, you will find the defendant not guilty.

"(7) I charge you that if you believe that any witness who has testified in this case is a fee grabber and expects to profit from the conviction of this defendant, you may consider that fact in arriving at what weight you will give his or her testimony.

"(8) Unless you are satisfied beyond a reasonable doubt and to a moral certainty that the defendant had actual possession of and control over the liquors in question, you will find the defendant not guilty.

"(9) I charge you that the defendant being near the liquor in question is not sufficient to warrant you in convicting the defendant; you must be convinced beyond a reasonable doubt and to a moral certainty that the defendant had possession of the liquors, and that he had control of them.

"(10) I charge you that it is highly improper for a jury to convict a man upon imagination or prejudice, but that you can only consider the testimony.

"(11) I charge you that the moon was not shining at 7 o'clock p. m. December 13, 1921."

Eyster & Eyster, of Albany, and Wert & Hutson, of Decatur, for appellant.

Counsel argue for error in the refusal of the affirmative charge for defendant, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. The prosecution against this defendant originated in the Morgan county court. The affidavit charged that the defendant had in his possession prohibited liquors contrary to law. From a judgment of conviction he appeals.

[1] The contention of the state was that the defendant, together with a woman of bad character. drove by two deputy sheriffs in his car on the streets of Albany shortly after dark on the night of December 13, 1921; that after passing the officers he drove his car into a side street, turned out his lights, and, after traveling a short distance up said street with his lights out, stopped the car and remained at that place until the officers (who had followed him) came up. One of the officers testified that he saw defendant leave a trash pile, which was six or eight feet away, and return to his car. When the officers arrived one of them searched defendant's car, but found nothing therein except defendant and the woman. The other officer, however, went to the trash pile, from which he saw defendant leave, and there found two five-gallon jugs of whisky. The defendant denied any knowledge of the whisky, and testified that he had not had it in his car nor in his possession. His testimony was corroborated by his companion, the woman who was with him. There was some other evidence in the case, and from these facts we are of the opinion that the court properly submitted the case to the jury.

[2] While it is true that there was no testimony to show that the defendant was actually in the possession of the whisky, yet a

charge of this character can be sustained upon what is known as circumstantial evidence, just as can any other criminal charge, and it becomes a question for the determination of the jury. In the instant case, the suspicious conduct of the defendant in turning up a dark side street, extinguishing the lights on his car, traveling some distance up said street, and then stopping the car within six or eight feet of a trash pile, from which the defendant was seen to leave, the immediate finding of the two five-gallon jugs of whisky, the further fact of the "defendant being a married man with a family," coupled with the fact of his having in the car with him at the time another woman, who the undisputed testimony showed was a woman of bad character, constitutes we think a state of facts and circumstances upon which the jury would be authorized to base the verdict rendered, and sufficient in our opinion to sustain the judgment of conviction rendered thereon.

No exceptions were reserved to any of the rulings of the court upon the testimony, and the questions presented for review here consist in the giving of a certain special charge in writing, requested by the state, and in the refusal of several special charges requested in writing by defendant.

[3] The court also overruled the defendant's motion for a new trial. The motion for a new trial is predicated upon several grounds, many of which are not sustained by the record. Grounds 5, 6, and 7 of the motion relate to certain portions of the argument of the solicitor, but nowhere in the bill of exceptions does it appear that any objection to the solicitor's argument was interposed, or exception reserved in this connection.

Grounds 19 and 20 of the motion refer to certain alleged demurrers to the affidavit, and to the sufficiency of the affidavit. These insistencies are not borne out by the record, as it does not appear therefrom that any demurrers were interposed to the affidavit upon which the defendant was tried, or that the sufficiency of the affidavit was questioned in any manner.

[4] The foregoing questions cannot be raised for the first time on a motion for new trial.

The special charges, given and refused, are not numbered or lettered or otherwise designated, but for the sake of convenience and to avoid uncertainty we have numbered some from No. 1 to 11, inclusive.

[5] Charge 1, given at the instance of the state has been approved as a proper charge by this court and by the Supreme Court, and the court committed no error in giving this charge. Dickey v. State, 15 Ala. App. 135, 142, 72 South. 608; Prater v. State, 107 Ala.

26, 18 South. 238; Jackson v. State, 136 Ala. 22, 34 South. 188.

Charges 4 and 6 were the general affirmative charges in favor of defendant; from what has been said above the facts presented a jury question; hence these charges were properly refused.

[6] Refused charges 5, 7, 10, and 11 are abstract, and were properly refused.

[7] Charges 8 and 9 were properly refused, as the propositions of law attempted to be embodied in each of these charges were fairly and substantially covered by the oral charge of the court.

No error appears upon the record. The judgment of conviction appealed from is affirmed.

Affirmed.