(139 So. 115)

## BURROUGHS v. STATE.

5 Div. 853.

Court of Appeals of Alabama.
Jan. 12, 1932.

H. T. Burns, of Wedowee, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

### SAMFORD, J.

The evidence in this record has been read and considered en banc. We have been unable to find any evidence which would warrant a verdict connecting this defendant with the criminal possession of the whisky found on his premises.

As has been pointed out many times by this court, a constructive possession alone is not sufficient to justify a conviction. There must, in addition to such possession, be a guilty scienter.

In line with numerous decisions of this court, we hold that the defendant was entitled to the general charge.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

(139 So. 115)

## HARPER v. STATE.

6 Div. 94.

Court of Appeals of Alabama.
Jan. 12, 1932.

Jim Gibson, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

### RICE, J.

This is a prosecution for the violation of our "prohibition laws" by having in possession prohibited liquors, etc.

It was begun by affidavit and warrant in the Jefferson county court of misdemeanors.

Appellant contends for error in that on appeal to the circuit court, after his conviction in the inferior court, no "complaint" was filed by the solicitor, as provided in Code 1923, § 3843. He cites, as sustaining his contention, the decision of this court in Johnson v. State, ante, p. 153, 132 So. 59.

His contention is answered adversely to him by Code 1923, § 4646, which provides, pertinently, that prosecutions for this character of offense "may continue no matter in what court or before what judge the trial shall be had upon the affidavit upon which it was originally begun." The holding in the case cited does not therefore apply here.

There being no error apparent on the record, the judgment of conviction is affirmed.

Affirmed.