93 So.2d 519

**Forrest ADKINS**

v.

**STATE.**

**7 Div. 380.**

Court of Appeals of Alabama.

Nov. 20, 1956.

Rehearing Denied Jan. 15, 1957.

———◆———

Wales W. Wallace and Handy Ellis, Columbiana, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was by a jury found guilty of the offense of the illegal possession of prohibited beverages. A fine of $500 was assessed against him and the court imposed a sentence of nine months at hard labor as additional punishment for said offense.

The testimony for the State tended to show that the Sheriff and other officers of Shelby County seized six and a half pints of bottled in bond whiskey and thirteen pints of white "moonshine" whiskey which was found hidden under grass, leaves and sticks at the base of telephone posts, trees and bushes in the vicinity of appellant's house. The whiskey found nearest to his home was along the driveway some twelve feet from the house. The farthest hiding place was approximately forty-five steps from the back of his house.

The Sheriff testified that when he drove up to appellant's home appellant was talking with one Sam L. Dawson. He further stated that appellant was holding in his hand four $1 bills and Dawson had a pint of whiskey.

Appellant's home was located adjacent to Second Street, which was a dedicated but unopened street of the town of Calera. Appellant testified that the property on which the whiskey was found actually belonged to the City and that none of the whiskey was found on his property. It was shown that the Alabama Power Company held an easement over property to the rear of defendant's premises.

It appeared from the testimony that defendant was using a part of the unopened street as a driveway and that he had built a dog house, a garage or smoke house and an outhouse and had planted a hedge and other shrubbery on the City's property.

Appellant testified he kept the weeds and grass cut over a portion of the property.

The closest house was across the road and was some 120 feet from appellant's home. Appellant stated that people living behind him used a part of Second Street as a walkway.

A search of a Chrysler automobile, parked in the driveway, revealed one or two cases of empty pint bottles. There were several cases of empty bottles in the smoke house. These bottles were similar to those containing whiskey.

Appellant testified that Mr. Dawson had stopped for a drink of water and brought the pint of whiskey with him. Appellant denied that he had any connection with the whiskey or that he had any knowledge it was there.

Appellant and his wife testified that the Chrysler automobile belonged to his wife and that she had picked up some of the empty bottles.

■ "It has many times been held by this court that a constructive possession alone is not sufficient to justify a conviction for the unlawful possession of whisky. There must be evidence from which the jury can infer a guilty scienter. Burroughs v. State, 24 Ala.App. 579, 139 So. 115." Pate v. State, 26 Ala.App. 487, 162 So. 571. See also Wilbanks v. State, 28 Ala.App. 456, 185 So. 770; Grimes v. State, ante, p. 94, 76 So.2d 684.

■ It is equally well settled that such guilty scienter may be established by circumstantial evidence, Emerson v. State, 30 Ala.App. 89, 1 So.2d 604; certiorari denied 241 Ala. 141, 1 So.2d 605, and that a charge of unlawful possession of prohibited liquors may be sustained upon circumstantial evidence, just as can any other criminal charge. Walker v. State, 19 Ala.App. 20, 95 So. 205; Ex parte Walker, 209 Ala. 702, 95 So. 922.

■ We are of the opinion the facts and circumstances shown here presented a jury

question, and that the evidence was sufficient, if believed by the jury beyond a reasonable doubt, to authorize a conviction. The court did not err in denying the motion to exclude the evidence; in refusing the general affirmative charge; nor in overruling the motion for a new trial on the ground of the insufficiency of the evidence to sustain the judgment.

The following appears in the record:

"By Mr. Wallace: We object to the statement of the Solicitor that if the State had not made out a case the court would have taken it from the jury, and ask the court to instruct the jury that is improper argument.

"By Mr. Fowler: I would like for the record to show counsel for the defendant, each of them in their argument to the jury, said in substance to the jury that the State had not made out a case.

"By The Court: Overrule the objection.

"By Mr. Wallace: We except."

This argument of the Solicitor to the jury is made the basis of appellant's next insistence of error.

In the annotation, "Statements or argument by prosecuting attorney calculated to give jury impression that court believed defendant guilty, a ground for new trial or reversal," 127 A.L.R. 357, it is said, on page 362: "Statements by the prosecuting attorney alluding to the fact that the trial court would have taken the case from the jury if the evidence against the defendant was not sufficient, or referring to the fact that the court had overruled a motion for a directed verdict for the defendant as establishing the sufficiency of the evidence against the defendant, or similar statements, have been held to constitute reversible error."

In Loyall v. Commonwealth, 281 Ky. 497, 136 S.W.2d 784, 785, 127 A.L.R. 352, the prosecuting attorney in his closing argument to the jury, made this statement: "'The judge of this court has already held that the commonwealth has made out a case against the defendant. Were this not true, you would have been instructed by the court to find the defendant not guilty.'"

The court held that the argument, although concededly improper, was not so conclusively misleading and prejudicial as to constitute reversible error "when considered in connection with the admonition of the court, directing the jury to be governed in their findings by the evidence and not by the arguments of counsel."

In State v. Nathoo, 152 Iowa 665, 133 N.W. 129, the State's attorney argued to the jury that inasmuch as the court had overruled the motion to direct a verdict, there was sufficient evidence on which to base a verdict of guilty by the jury. The attorney insisted as did the solicitor here, and as is contended by the attorney general in brief, that since both of defendant's attorneys had "argued to the jury that there was no legal or sufficient evidence for this jury to base a verdict on," that he had the right to reply to that argument. The Supreme Court in reversing the trial court held that an attorney should not, "base an argument for conviction on the court's order, overruling defendant's motion that a verdict of not guilty be directed because of insufficiency of the evidence. Such a ruling merely relegates the issues to the jury for determination, and it is still for them to say whether the evidence is such as to justify conviction." The court further said that a suggestion by the trial court to the jury "that the only effect of the court's ruling on the motion to direct a verdict was to hold the issue as to defendant's guilt was solely for the jury, would have obviated any possible prejudice and might well have been made."

█ We conclude that the argument of the solicitor was improper and the court, by its ruling, approved and sanctioned the statement of the prosecuting attorney.

▪ We find no error in this incident disclosed by the record:

"By Mr. Wallace: I want to except to the Court's statement in the presence of the jury that the defendant could be convicted for this whiskey being on land other than land of his own if they found he put it there.

"By the Court: The Court would like for the record to show what Mr. Ellis said in his argument. I was simply replying to Mr. Ellis. It was in response to questions addressed by Mr. Ellis to the Court, and it wasn't to the jury but a statement to Mr. Ellis with reference to the law."

No exception was reserved to any part of the oral charge.

 The charges refused to defendant were affirmative in nature, abstract, covered by the court's oral charge, or asserted incorrect principles of law and were properly refused.

For the error set out above the judgment is reversed and the cause remanded.

Reversed and remanded.