UNITED STATES of America, Plaintiff-Appellee,

v.

Billie Gene BENNETT, Paul Edward Webb, Defendants-Appellants.

Nos. 15151, 15152.

United States Court of Appeals Seventh Circuit.

Feb. 1, 1966.

John J. Cleary, Chicago, Ill., for appellant.

Carl W. Feickert, U. S. Atty., Joel A. Kunin, Walter D. Williams, Asst. U. S. Attys., E. St. Louis, Ill., for appellee.

Before DUFFY and SWYGERT, Circuit Judges, and GRUBB, Senior District Judge.

DUFFY, Circuit Judge.

The defendants, Bennett and Webb, were charged with two federal criminal offenses. Count 1 of the indictment charged them with having transported a stolen motor vehicle from Missouri to Illinois, knowing the motor vehicle had been stolen, in violation of 18 U.S.C. § 2312. Count 2 charged them with having received and concealed the same motor vehicle in violation of 18 U.S.C. § 2313. The jury found each defendant guilty on both counts. The Court sentenced each defendant to serve four years on each count, the sentences to run concurrently.

On this appeal, defendants urge error on various grounds including: 1) improper argument by the federal prosecutor; 2) receipt of inadmissible evidence over objection; 3) insufficiency of the evidence; 4) an unlawful sentence, and 5) cumulative error.

The owner of the stolen automobile testified that on January 14, 1964, at about 10 p. m., the automobile was taken from in front of his house in St. Louis, Missouri, without his consent. He observed the automobile being driven away and saw three men getting into the car a short distance down the street.

A police officer of East St. Louis, Illinois, observed the same automobile in the early morning of January 15, 1964, standing before a filling station in East St. Louis, Illinois. Four men were sitting in the car, Paul Webb, one of the defendants herein, was behind the wheel. The others were Billie Gene Bennett, Jack Dunn and Jimmie Bennett.

A special agent of the FBI investigated what appeared to be the interstate transportation of a stolen motor vehicle. He questioned defendant Paul Webb who denied he had been in the automobile and said he just happened to be nearby when the others were arrested.

When questioned by the special agent, defendant Billie Gene Bennett also denied any knowledge of the stolen automobile, but stated that by coincidence, he had been in the same area as the car when arrested.

At the trial, the special FBI agent testified on cross examination that the other two people in the car had pleaded guilty to transporting a stolen motor vehicle in interstate commerce.

Counsel for defendant, Billie Gene Bennett, and counsel for defendant, Paul Edward Webb, both made motions for acquittal. The Court denied these motions. Neither defendant testified nor presented any evidence in his behalf.

Court-appointed counsel on this appeal, who was not counsel in the trial court, urges that the federal prosecutor's closing argument to the jury was improper and prejudicial. The statement was not objected to at the trial.

The objected-to portion of the federal prosecutor's argument should not have been made. He told the jury that the judge could not instruct the jury to bring in a verdict of guilty—that only a jury could do that, but that if the judge were permitted to give such an instruction, the prosecutor believed he would do so in this case.

■ Telling the jury what the trial judge may do in a civil case was not helpful to the jury in the instant case. Surmising what a judge could do if he had the power to do so, might lead to confusion and might result, under certain circumstances, in reversible error. However, under the circumstances of this case, with no objections made, we conclude the argument did not amount to reversible error.

Appellants' counsel relies on Adkins v. State, 38 Ala.App. 659, 93 So.2d 519, in arguing that the previously mentioned statement of the prosecutor constituted reversible error. We think the criticized language in *Adkins* makes that case clearly distinguishable from the case at bar.

■ It is urged that the evidence was insufficient to support the jury's finding of guilty. However, the recent unexplained possession of the stolen motor vehicle by the defendants who were found in it, gives rise to the presumption that they had stolen it. Altogether, we feel there was sufficient evidence to support the jury's finding of guilty.

Appellants strongly urge that Counts 1 and 2 were multiplicious, and that a separate sentence on each count, although running concurrently, is improper and unlawful.

Appellants were unable to cite any authority to the effect that the violation of 18 U.S.C. § 2312 and 18 U.S.C. § 2313 constitutes but one offense. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 and United States v. Gardner, 7 Cir., 347 F.2d 405 were cited, but in each of these cases, the court was considering the federal bank robbery statute.

We find it is unnecessary to rule on the question of whether violation of the two statutes constitutes but one offense, for in the case at bar, although separate sentences were imposed, they were identical and were to be served concurrently. Any error in this respect must be considered harmless.

We have considered the other points raised by diligent counsel for appellants, but we do not find any reversible error in this record.

John J. Cleary of the Chicago Bar has represented the appellants in this case on appeal. The services rendered in the instant case, as well as those on several previous appeals, where he acted as court-appointed counsel, have been served without compensation or reimbursement for his out-of-pocket expenses. Mr. Cleary's services have been outstanding and in the highest tradition of the bar. We thank Mr. Cleary for the unselfish service which he has rendered.

The judgment of conviction is affirmed.