**Charles L. MOHLER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 15410.**

United States Court of Appeals Seventh Circuit.

May 19, 1966.

Alan O. Amos, Chicago, Ill., for appellant.

Carl W. Feickert, U. S. Atty., Joel A. Kunin, Asst. U. S. Atty., E. St. Louis, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

Petitioner appeals from the District Court's denial of his motion brought under Title 28 U.S.C. § 2255 which requested the Court to set aside a judgment of conviction and to vacate the sentences thereunder. A two count information had charged petitioner with violations of 18 U.S.C. § 2312 and § 2313 known as the Dyer Act. In the presence of his attorney, petitioner entered a plea of guilty and was sentenced by the Court to five years on each count, the sentences to run concurrently.

As petitioner now argues that neither count stated an offense against the laws of the United States, we set forth in some detail the language used in the information.

Count 1 of the information charged that defendant (petitioner herein) had transported a certain stolen motor vehicle, to-wit: a 1963 Chevrolet Super

Sport Convertible motor vehicle bearing serial number 31867-F 107910 from Indianapolis, Indiana, to St. Elmo in the County of Fayette, in the Eastern District of Illinois, which said motor vehicle had been stolen, the defendant then and there knowing the same to have been stolen.

Count 2 charged that on the same day at St. Elmo in the County of Fayette, in the Eastern District of Illinois, defendant Mohler received and concealed a stolen motor vehicle (description as in count 1) which was moving as interstate commerce from Indianapolis, Indiana, and that he then knew the motor vehicle to have been stolen.

Petitioner quotes from the Sixth Amendment—"In all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation; * * *." He then cites United States v. Philadelphia & R. Ry. Co., D.C., 232 F. 953, 955, for the proposition that each fact necessary to constitute the crime charged must be directly and positively alleged.

■ Petitioner's first objection to the information is to the use of the term "motor vehicle." Although this is the term used in the statutes under which petitioner was charged, petitioner argues that it could refer to any of five different and distinctive vehicles defined by 18 U.S.C. § 2311 as motor vehicles. Petitioner contends that the information therefore left uncertain just which of the five types of motor vehicles was involved. However, we hold that the information's description of the motor vehicle as a "1963 Chevrolet Super Sport Convertible" and the listing of its serial number, was sufficient to apprise petitioner of the nature of the charges against him.

■ The next objection is that count 1 of the information did not allege that the vehicle was transported in interstate commerce. Such allegation was contained in count 2, but these words were not specifically used in count 1. We hold that count 1 was sufficient inasmuch as

it charged that defendant transported the stolen vehicle from the state of Indiana to a described location in the state of Illinois, knowing said motor vehicle to have been stolen.

Petitioner argues that 18 U.S.C. § 2312 and § 2313 are mutually exclusive. Petitioner says that if he were the "transporter" of the vehicle, he was put in double jeopardy by being charged and convicted of transporting under Section 2312 and of receiving under Section 2313.

The charge in count 2 was that petitioner received and concealed a stolen motor vehicle knowing it to have been stolen. The statute makes it a federal offense for "Whoever receives, conceals * * * sells, or disposes of any motor vehicle * * * moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen * * *."

In United States of America v. Bennett et al., 7 Cir., 356 F.2d 500, we said: "Appellants strongly urge that Counts 1 and 2 were multiplicious, and that a separate sentence on each count, although running concurrently, is improper and unlawful.

"Appellants were unable to cite any authority to the effect that the violation of 18 U.S.C. § 2312 and 18 U.S.C. § 2313 constitutes but one offense. * * *"

We here reiterate our holding in United States of America v. Bennett, supra, that we find it unnecessary to rule on the question of whether violation of the two statutes constitutes but one offense, for in the case at bar, although separate sentences were imposed, they were identical and were to be served concurrently. As we said in *Bennett*—"Any error in this respect must be considered harmless."

We hold there is no merit in the contentions that the information failed to charge an offense, and that therefore the imposed sentences were unlawful.

Alan O. Amos, Esq. of the Chicago Bar, who was court-appointed counsel for petitioner on this appeal, has shown great industry and ingenuity in the prepara-

tion of his briefs. His oral argument was well presented. The Court thanks Mr. Amos for his valuable services.

The order of the District Court dismissing the petition under Section 2255, Title 28 U.S.C. is

Affirmed.