Earl Robert HALL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 10042.

United States Court of Appeals
Tenth Circuit.

Jan. 8, 1969.

Howard F. Heffron, Oklahoma City, Okl., for appellant.

Robert L. Berry, Asst. U. S. Atty., (B. Andrew Potter, U. S. Atty., on the brief) for appellee.

Before MURRAH, Chief Judge, HICKEY and HOLLOWAY, Circuit Judges.

MURRAH, Chief Judge.

Earl Robert Hall was convicted by a jury of taking an automobile, with intent to steal, from Fort Sill, Oklahoma in violation of Section 661, Title 18, United States Code. The evidence showed that the car in question belonged to Michael Rokovena who was a member of the United States Army stationed at Fort Sill at the time of the theft. The car in question was last seen by the owner at Fort Sill where it had been parked. Three witnesses saw Hall driving a car identical with the one stolen shortly after its disappearance from Ft. Sill. An FBI agent testified Hall was driving the car, later identified by Rokovena as the stolen car, when he arrested Hall in connection with another investigation. See Hall v. United States, 10 Cir., 404 F.2d 1365. At this time the car was impounded. The conviction resulted in a two year sentence to run consecutively with another sentence now being served.

Hall appeals alleging three errors: (1) the trial court erronsously instruct-

ed the jury that "Possession of property recently stolen, if not satisfactorily explained, is a circumstance from which the jury may reasonably draw the inference and find in the light of surrounding circumstances that the person in possession participated in some way in the theft of the property"; (2) the federal District Court lacked jurisdiction; and (3) the Assistant United States Attorney made "improper, prejudicial and inflammatory" remarks during his closing argument.

■■■ Little comment is necessary to dispose of Hall's first contention. We have held that unexplained possession of recently stolen property is sufficient to allow the jury to infer that "the possessor stole the property". Jenkins v. United States, 361 F.2d 615 (10th Cir. 1966) and United States v. Bennett, 356 F.2d 500 (7th Cir. 1966). Cf. Garrison v. United States, 353 F.2d 94 (10th Cir. 1965) and Gregory v. United States, 364 F.2d 210 (10th Cir. 1966). See also annotation in 56 A.L.R.2d, 1360–1363, and cf. Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090 (1896); Dunlop v. United States, 165 U.S. 486, 502, 17 S.Ct. 375, 41 L.Ed. 799, and Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1963).

■ The second contention apparently is that the evidence failed to show that the crime was committed within the "special maritime and territorial jurisdiction of the United States". 18 U.S.C. § 661. We think the evidence is clear that the crime was committed at Fort Sill, Oklahoma which without question is within the Western Judicial District of Oklahoma and United States' territorial jurisdiction. 80 Okla. Statutes 1961, § 4; 18 U.S.C. § 7; 28 U.S.C. § 116; and Johnson v. Yellow Cab Transit Co., 321 U.S. 383, 64 S.Ct. 622, 88 L.Ed. 814 (1944).

■ We find no merit in Hall's third contention that the Assistant United States Attorney's remarks were improper. We have reviewed the entire argument and can find no prejudice in the allegedly prejudicial statements. In any event, no objection was made during argument or to the trial court, and therefore, the issue cannot be raised for the first time here. Findley v. United States, 362 F.2d 921 (10th Cir.).

Judgment affirmed.