**Dennis Ray CLARK, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22498.**

United States Court of Appeals
Ninth Circuit.

Aug. 21, 1968.

Certiorari Denied Jan. 13, 1969.

See 89 S.Ct. 654.

John D. Spyromilios (argued), Berkeley, Cal., for appellant.

John H. McRae (argued), Asst. U. S. Atty., Smithmoore P. Myers, U. S. Atty., Spokane, Wash., for appellee.

Before CHAMBERS and MERRILL, Circuit Judges, and VON DER HEYDT*, District Judge.

## OPINION

VON DER HEYDT, District Judge.

On February 6, 1967, a jury found appellant guilty of violating the Dyer Act, Title 18, U.S.C. § 2312.

The facts are these:

While driving an automobile in Vernon, British Columbia, Canada, appellant was involved in a two-car accident. Both drivers were interviewed by a Royal Canadian Mounted Police Officer, Constable Lakachuk, at police detachment headquarters. Appellant stated to Constable Lakachuk that he was the driver and owner of the vehicle. However, he could produce no evidence of ownership. The constable issued a summons under British Columbia's Motor Vehicle Act, naming the appellant as the owner of the car. Appellant signed the summons and paid the penalty.

Subsequently, appellant was tried and convicted of the aforementioned offense. At the trial, Constable Lakachuk testified as to appellant's statements and actions at the time of the interview.

The indictment charged that the car was driven by appellant in interstate commerce between Las Vegas, Nevada, and Vernon, British Columbia. The trial court instructed the jury that it could return a verdict of guilty if it found that appellant transported the car in interstate or foreign commerce.

Appellant appeals, asserting two errors:

1. It was error to admit Government's exhibit No. 1, a copy of the summons, and the testimony of Constable Lakachuk, as such were derived from a period of custodial interrogation before or during which appellant was not informed of his "Miranda" rights.

2. It was error to instruct the jury that it could find appellant guilty if it found he transported the automobile "in foreign commerce".

We turn briefly to appellant's assignments of error. They will be discussed in the order noted.

Appellant first contends that the statements which he made to Constable Lakachuk and the summons which he signed were inadmissible under Miranda v. State of Arizona,[1] as he had not been informed of his legal rights as required by that decision. Miranda addressed itself to "custodial interrogation", which was defined as questioning initiated by law enforcement officers after an accused had been taken into custody.

We carefully have examined the transcript of the trial proceedings in this case, and particularly the direct and cross examination of Constable Lakachuk. We find nothing in this record to indicate or even suggest that appellant was "taken into custody" within the usual meaning of that phrase. Non-custodial interrogation does not violate the ruling of Miranda.[2]

During the brief interrogation appellant was asked nothing upon the general subject of a stolen vehicle, or whether he

---

* Hon. James A. von der Heydt, United States District Judge, Anchorage, Alaska, sitting by designation.

1. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Arnold v. United States, 382 F.2d 4 (9th Cir. 1967).

had stolen the car he was driving at the time of the accident.[3]

 Since the record clearly reflects that appellant was not in custody, we do not find the circumstances to be such as to bring the case under the *Miranda* doctrine.

Because of this finding, we need not discuss other aspects of this assigned error urged by appellant.

We find little merit in appellant's second contention. The indictment charged that between the dates of October 6, 1965, and October 24, 1965, appellant "did transport or cause to be transported in interstate commerce from Las Vegas, Nevada, to Vernon, B. C., Canada, through the Northern Division of the Eastern District of Washington, a certain motor vehicle", knowing the same to have been stolen.

 It is well settled that an indictment following specifically the language of the approved form [4] which charges the crime of transportation of a stolen motor vehicle from a point in one state to that in another is sufficient, without alleging the conclusion that the vehicle was transported "in interstate commerce".[5] We see no reason to establish a critical distinction between the words "in interstate commerce" and "in foreign commerce" as such are used in the statute. No logical reason has been advanced by appellant which convinces us of the wisdom of such a rule.[6] In either case, the phrase is surplusage.[7]

 We have reviewed the indictment returned in this case and upon which appellant stood trial. It is clear and unambiguous and we cannot find that appellant could be misled by the terms thereof. The charge is clear, that he transported a stolen motor vehicle

from a designated point in the United States to a designated point in Canada, between certain specified dates, knowing the same to have been stolen, and in violation of the statute.

Finding no error, the judgment is

Affirmed.

---

3. Cotton v. United States, 371 F.2d 385 (9th Cir. 1967).

4. Federal Rules of Criminal Procedure, Form 6, Appendix of Forms, 18 U.S.C.

5. Mohler v. United States, 360 F.2d 915 (7th Cir. 1966); Godish v. United States, 182 F.2d 342 (5th Cir. 1950); United States v. Martell, 335 F.2d 764 (4th Cir. 1964).

6. Johnson v. United States, 207 F.2d 314 (5th Cir. 1953).

7. Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793 (1927).