William Franklin **ANDERSON**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 20039.

United States Court of Appeals, Sixth Circuit.

May 27, 1970.

William Franklin Anderson, pro se.

Eugene E. Siler, Jr., U. S. Atty., James F. Cook, Asst. U. S. Atty., Lexington, Ky., for appellee.

Before WEICK and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

William Franklin Anderson, petitioner-appellant, appeals from an order of the United States District Court for the Eastern District of Kentucky denying his motion to vacate his sentence under Section 2255, Title 28, U.S.C. The appellant pleaded guilty on April 3, 1968, to a charge of transporting a stolen motor vehicle in interstate commerce, knowing the said motor vehicle to have been stolen. He was sentenced to the maximum prison term of five years.

In his motion to vacate he complains that the sentencing judge did not comply with Rule 11 of the Federal Rules of Criminal Procedure. Rule 11, as amended in 1966, provides in pertinent part,

"The court * * * shall not accept" a plea of guilty "without first address-

ing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

In McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, decided April 2, 1969, the Court held that there must be a strict compliance with Rule 11 and that a defendant is entitled to plead anew if a district judge accepts his guilty plea without fully complying with the procedure provided for in the rule. The Court, however, in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, decided May 5, 1969, held that *McCarthy* was to be applied prospectively, only.

We have read the transcript of the proceedings before the district judge at the time of the plea of guilty and we conclude that the interrogation by the clerk and the judge met the requirements of Rule 11 as applied before the decision in *McCarthy*.

The judge appointed an attorney to represent the appellant on the day before the plea was entered. The attorney had an opportunity to consult with and advise his client before they came into court to enter the plea of guilty. There is no claim that the appellant was not properly advised by his lawyer.

The defendant answered that he understood the charge, that he entered a plea of guilty freely and voluntarily of his own accord, that no promise or representation had been made to him and that he pleaded guilty because he was guilty.[1]

Another claim made by the appellant is that the indictment does not charge an offense because it is not alleged that the motor vehicle was "transported in interstate commerce." The indictment alleges:

"That on or about the 20th day of January, 1968, William Franklin Anderson transported a stolen motor vehicle, to wit, a 1961 Chevrolet, from Richmond, in the State of Indiana, to Rockcastle County, in the Eastern District of Kentucky, knowing same to have been stolen."

We hold that transported "from Richmond, in the State of Indiana, to Rockcastle County, in the Eastern District of Kentucky," is a sufficient allegation of transporting in interstate commerce. This adequately charges a federal offense so as to enable the appellant to prepare his defense and bar his being twice put in jeopardy. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861. In Eisner v. United States, 6 Cir., 351 F.2d 55, 56, we said:

"The general rule is that the sufficiency of an indictment cannot be questioned on a motion under Section 2255 unless it is so defective on its

---

1. The following colloquy occurred at the time the plea was entered:

The Court: Mr. Scalf, are you ready to proceed with the arraignment?

Mr. Scalf: Yes, we are, Your Honor.

The Court: All right, let him be arraigned.

(At this time the Clerk read the indictment to the defendant.)

The Clerk: Do you understand that charge?

The Defendant: Yes, sir.

The Clerk: What is your plea?

The Defendant: Guilty.

The Court: Mr. Anderson, you have entered a plea of guilty to the charge contained in this indictment. Have you entered that plea of guilty freely and voluntarily and of your own accord?

The Defendant: Yes, sir.

The Court: Have you entered that plea of guilty for any representation or promise made or extended to you by any person?

The Defendant: No, sir.

The Court: Have you entered that plea of guilty for any reason other than because you are guilty of the charge contained in this indictment?

The Defendant: No, sir.

The Court: All right. Let the defendant's plea of guilty be entered. Mr. Anderson, is there anything you or your attorney wish to say before the judgment of the Court is pronounced in your case?

Mr. Scalf: I have nothing to say, Your Honor.

The Court: Anything, Mr. Anderson?

The Defendant: No, sir.

face as not to charge an offense under any reasonable construction."

An indictment with similar language was upheld in Mohler v. United States, 360 F.2d 915, 916 (C.A. 7), cert. den. 385 U.S. 871, 87 S.Ct. 143, 17 L.Ed.2d 99. In Clark v. United States, 400 F.2d 83, 85 (C.A. 9), cert. den. 393 U.S. 1036, 89 S.Ct. 654, 21 L.Ed.2d 581, an indictment was not invalid because it alleged "interstate commerce" instead of "foreign commerce" where it alleged the points between which the stolen car was transported.

Affirmed.