L. S. MOORE, Retired Circuit Judge.
The appellant was indicted, tried, convicted and sentenced for possessing marijuana. From the final judgment, the appellant appealed.
On the trial of said cause, Dale Mack testified in substance that he was a police officer; that on March 2, 1976, about 10:30 a. m., he saw the appellant at a Citgo Station at the corner of Fortner and Park; that the appellant was in a car and the *163 witness drove his car broadside to appellant’s car; that a passenger in appellant’s car rolled down the window and that he smelled marijuana smoke; that Winford Arnold was a passenger in the car. This witness further testified that he asked the two people in the car to step out of the car; that the appellant was in the car on the driver’s side and Winford Arnold was in the car on the passenger’s side; that they got out of the car and that they searched the car and found marijuana under the passenger’s mat of the car; that it was green vegetable matter along with seeds and in a bag that looked like a sandwich bag; that he sealed the bag it was in; that he took it to his home and kept it in a strong box with a lock on it for fourteen or fifteen days and then turned it over to Officer Jackson.
This witness further testified that on the occasion in question, it was dark as he approached the filling station and the appellant’s car; that the station was closed and it looked suspicious; that they stopped because the car was there and the station was closed; that as he approached the car there was movement in the car; that the passenger was making the movement while appellant was attempting to get out of the car. This witness was asked the following question and .answered the same:
“Q. Did you find evidence that marijuana had been smoked in the automobile.
“A. No Sir, just the smoke itself.”
He further testified “I smelled the smoke,” that he did not actually see smoke; that appellant offered an explanation for the odor in the car by saying it was soured from spilled milk; that Officer Robert Hawlette came to the scene and assisted him in the arrest; that as he approached the car his attention was directed to the passenger as he was the nearest one to the witness; that he really could not tell what the appellant was doing; that he was paying more attention to the passenger than he was to the driver.
This witness also said the appellant told him he owned the car and that appellant was in the car on the driver’s side as he approached the car.
As to this witness’ qualification to testify “he smelled marijuana smoke” in and about the car we quote from the record the following:

“Q All right. Now, when you say you smelled marijuana, did you smell mari- ' juana or marijuana smoke or—
“A Marijuana smoke, yes, sir.
“Q All right. How long have you been a police officer for the City of Dothan? “A Approximately two and a half years. “Q Have you had occasion during that period of time to observe marijuana, and to smell marijuana smoke?
“A Yes, sir, I have.
“Q On approximately how many occasions have you smelled marijuana smoke?
“A 20 or 25 times, roughly.
“Q So, in your opinion, this was marijuana smoke that you smelled?
“A Yes, sir.
“Q Coming from the vehicle?
“A Yes, sir.”
We also quote from the record the following question addressed to this witness and his answer thereto:
“Q Could Jerome Arnold have reached from the driver’s side all the way across and put it under that mat without you seeing him duck down and move over there?
“A Yes, sir, I guess he could have.”
Robert Hawlette, a policeman for the city of Dothan, arrived at the service station about 10:40 on the day in question and he testified in substance:
That when he got there Officer Dale Mack, the appellant and his brother were present; that at that time the appellant was standing by the patrol car and Dale Mack was standing by the appellant’s car; that appellant said he owned the car and Officer Mack showed him a clear plastic bag with green vegetable matter in it with seed in it. That he had seen marijuana numerous times and in his judgment the bag contained marijuana. He said he noticed the mat in the front of the car was *164 damp and the contents of the bag were dry. He did not arrive with Officer Mack but came in a few minutes and the marijuana had been removed when he got there. He testified that when he got there he looked in the car and that he smelled marijuana smoke and that they had smelled marijuana smoke many times before.
By other witnesses the State proved the chain of possession of the marijuana until it arrived into the hands of the employees of the Department of Toxicology and Criminal Investigation at Enterprise, Alabama, where it was analyzed by Melinda Long, who after stating her qualifications, testified that the package contained marijuana. The State then introduced the records of the Houston County Court which showed that the appellant pled guilty and was convicted in that court and fined $100., and sentenced to hard labor for twelve months on July 12, 1975, and the clerk of the court testified that the said conviction was for the possession of marijuana.
When the State rested its case, the appellant moved to exclude the State’s evidence on the ground that the State had failed to show a prima facie case and the court overruled said motion.
The appellant testified in substance that he owned the automobile in question and that was described by the police officers; that it had two doors; that he bought it on the 18th day of February, and was arrested in this case on March 2; that he had owned the car about two weeks; that the carpets in the car were rotten; that the car leaked and the carpets became wet and had odor; that the policeman that arrested him, pulled up and.asked, ‘“What’s that smell,’ and I said ‘well that’s probably my carpet.’ ” That the policeman shined his light down there and he started searching my car; that he gave the policeman an explanation for the odor; that his brother was riding on the passenger side of the car and he was on the driver’s side; that the police searched each of them and found nothing on either of them; that no one in the car was smoking marijuana; that he had loaned the car during the two weeks he had owned it, to his cousin twice and a number of people had ridden in it; that he had never seen any one put any marijuana in the car and he had not done so. He further testified that it had been quite a while since he had smoked marijuana and that he had not smoked any that night; that he could possibly tell marijuana from other smoke; that the odor in “my car” could have smelled like marijuana; that he rode in the car every day, so they did not “bother me that bad but somebody that hadn’t been riding in it when they would stick their head in there then they know there is a bad odor in it”; that he did not notice any movement on the part of his brother as the police approached; that they found the marijuana under the floor mat; the floor mat was on top of the carpet; that he saw the package the officer got but that he did not put it here.
The brother of the appellant that was with the appellant on the night in question testified in substance that he was not moving around when the police approached; that he did not put the marijuana under the car mat; that they did not know it was there; that no one smoked marijuana while he was in it; that the carpet stunk but that he did not smell marijuana in the car.
The appellant in his testimony admitted that he had been previously convicted for possessing marijuana.
During the argument of the district attorney, the record disclosed the following:
“MR. JACKSON: Your Honor, I want to object to what Mr. Martin is saying. That is prejudicial to the jury.
“THE COURT: I think that is permissible argument for him to say what he believes. I overrule the objection.”
The appellant complained on this appeal that the trial court should have sustained his motion to exclude the State’s evidence and that the general charge should have been given in his favor because the evidence failed to show the appellant’s knowledge of the presence of the marijuana in the appellant’s car.
In Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520, this court said:
*165 “The well established rule in cases involving possession of prohibited liquors is that where actual manucaption is not shown and constructive possession is relied upon, the state must show beyond a reasonable doubt, in addition to the constructive possession, that the accused knew of the presence of the prohibited beverages. Grimes v. State, 38 Ala.App. 94, 76 So.2d 684; Davis v. State, 40 Ala.App. 609, 119 So.2d 236. The rules of evidence in a prosecution for possession of marijuana are the same as those applicable in every other criminal case.”
Judge Price in Adkins v. State, 38 Ala.App. 659, 93 So.2d 519 stated:
“ ‘It has many times been held by this court that a constructive possession alone is not sufficient to justify a conviction for the unlawful possession of whisky. There must be evidence from which the jury can infer a guilty scienter. Burroughs v. State, 24 Ala.App. 579, 139 So. 115.’ Pate v. State, 26 Ala.App. 487, 162 So. 571. See also Wilbanks v. State, 28 Ala.App. 456, 185 So. 770; Grimes v. State, ante, 38 Ala.App. p. 94, 76 So.2d 684.
“It is equally well settled that such guilty scienter may be established by circumstantial evidence, Emerson v. State, 30 Ala.App. 89, 1 So.2d 604; certiorari denied 241 Ala. 141, 1 So.2d 605, and that a charge of unlawful possession of prohibited liquors may be sustained upon circumstantial evidence, just as can any other criminal charge. Walker v. State, 19 Ala.App. 20, 95 So. 205; Ex parte Walker, 209 Ala. 702, 95 So. 922.”
In the case before us the automobile in question belonged to the appellant. He was present in it and had driven a short time before the officers appeared on the scene where the officers found it with him in it. The only other person present in the car was his brother; that officer drove his car up on the passenger side of appellant’s car. When the passenger rolled the window down the officer stated he smelled marijuana smoke coming from appellant’s car and that he searched the car and smelled marijuana and that he found the marijuana under the mat in the front seat. The appellant’s brother testified the car stunk. The appellant admitted he had in the past smoked marijuana and he must have known how it smelled.' The appellant had been previously convicted for possessing marijuana. Appellant’s brother denied knowing the marijuana was in the car.
We are of the opinion that the facts and circumstances shown here presented a jury question and were sufficient to sustain their verdict of guilty. The motion, to exclude the evidence and the general charges were properly denied and refused. Error, therefore in that respect, does not appear.
The appellant endeavors to predicate error on the argument of the district attorney to the jury. In that respect we have set out all the record disclosed on the subject. The record does not set out any part of the argument complained of. We do not know what' the district attorney said he believed. Therefore that question is not presently by the record. Any ruling made by this court on the matter in the state-of the record, would be mere conjecture. Error will not be predicated on such a record.
We have searched the entire record for error and we have found no error sufficient to reverse.
Therefore, it is ordered and adjudged by this court that the judgment of the trial court be and is affirmed.
The foregoing opinion was prepared by Honorable L. S. MOORE, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
The judgment below is hereby
AFFIRMED.
All the Judges concur.