57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Johnny MUKES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6461.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1995.
 
 1
 Before: RYAN and SUHRHEINRICH, Circuit Judges, and JARVIS, Chief District Judge.*
 
 ORDER
 
 2
 Johnny Lee Mukes, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In June 1990, a jury convicted Mukes of possession of cocaine with intent to distribute in violation of 18 U.S.C. Sec. 841(a)(1), carrying and using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c), and possession of a firearm after conviction of a felony in violation of 18 U.S.C. Sec. 922(g). He was sentenced to 180 months of imprisonment on counts one and three, to be served concurrently, and five years of imprisonment on count two. A panel of this court affirmed Mukes's convictions and sentences. United States v. Mukes, No. 90-6300, 1992 WL 3713 (6th Cir. Jan. 10, 1992) (unpublished).
 
 
 4
 In his motion to vacate sentence, Mukes argued that: 1) his indictment was invalid; 2) the evidence used to convict him had been seized in violation of the Fourth Amendment; 3) the district court improperly sentenced him; and 4) counsel rendered ineffective assistance. Upon review, the district court denied the motion as without merit. Mukes has filed a timely appeal reasserting his same claims, as well as a motion for the appointment of counsel, and a motion to proceed in forma pauperis on appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied the motion to vacate. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the Federal Rules of Criminal Procedure and the federal sentencing guidelines will not warrant relief. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violation of Fed.R.Crim.P. 11); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993) (technical violation of sentencing guidelines).
 
 
 6
 Mukes is barred from seeking relief on his claims enumerated 1 through 3. These claims could have been but were not raised on direct appeal. Under these circumstances, in order to obtain review, Mukes must demonstrate cause and prejudice to excuse his failure to raise his claims on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). It is clear that Mukes can show no prejudice as his claims are without merit. (It is noted that this cause and prejudice analysis does not apply to Mukes's ineffective assistance of counsel claim, as that claim was not cognizable on direct appeal. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993).)
 
 
 7
 Mukes's claim that his indictment was invalid is frivolous as the sufficiency of an indictment is generally not subject to collateral attack in a Sec. 2255 motion to vacate sentence, see Frank v. United States, 914 F.2d 828, 830 (7th Cir.1990); Anderson v. United States, 427 F.2d 165, 166 (6th Cir.) (per curiam), cert. denied, 400 U.S. 905 (1970), unless the indictment is so defective on its face as to not charge an offense under any reasonable construction. Anderson, 427 F.2d at 166. Mukes's indictment clearly charged him with violating the Controlled Substances Act. Thus, the indictment is not fatally defective, and Mukes may not challenge its sufficiency in his Sec. 2255 motion to vacate his sentence. Mukes's claim that the evidence used to convict him was seized in violation of the Fourth Amendment is also frivolous as the district court denied his motion to suppress the challenged evidence following a full and fair hearing; thus, this claim is not reviewable under Sec. 2255. See Kapsalis v. United States, 345 F.2d 392, 394 (7th Cir.), cert. denied, 382 U.S. 946 (1965). Finally, Mukes's claim that his sentence was improperly enhanced is without merit as sentence enhancement under the sentencing guidelines is justified as a statutorily authorized punishment for criminal conduct that has occurred after the passage of the law. See United States v. Saenz-Forero, 27 F.3d 1016, 1020 (5th Cir.1994); United States v. Ykema, 887 F.2d 697, 700 (6th Cir.1989), cert. denied, 493 U.S. 1062 (1990). In addition, the government properly relied on Mukes's conviction for being a felon in possession of a firearm to trigger enhancement under 18 U.S.C. Sec. 924(e) because the Armed Career Criminal Act clearly provides that any person who violates Sec. 922(g) and has three prior convictions for violent felonies or drug trafficking offenses shall be punished not less than fifteen years. See 18 U.S.C. Sec. 924(e).
 
 
 8
 Mukes's counsel rendered effective assistance, even if that he did not further investigate three witnesses that Mukes made known to him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A review of the record adequately supports the conclusion that a reasonable decision was made that further investigation of these witnesses was unnecessary. See Sims v. Livesay, 970 F.2d 1575, 1580-81 (6th Cir.1992); accord O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir.1994). First, a panel of this court expressly addressed the issue of whether Mukes was in actual or constructive possession of the drugs and the weapons, and rejected Mukes's argument that he was not in possession of them. Mukes, 1992 WL 3713, at * 3. Second, Mukes acknowledged that the evidence indicates that he either owned or was buying the home in which the drugs and weapons were found. Further, Mukes acknowledged that there was evidence indicating that at the time of the search he was inside the residence ironing. Finally, Mukes's son's averment that he owned the drugs is not probative of whether Mukes was in actual or constructive possession of the drugs. This evidence is sufficient to refute the averments of Mukes's witnesses, making any further investigation of them unnecessary.
 
 
 9
 Accordingly, we hereby deny the appointment of counsel, grant Mukes pauper status for the limited purpose of this review, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation