78 F.3d 585
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Edward TACKETT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5653.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1996.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 This is an appeal from an order denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, Charles Tackett was convicted after a jury trial of 38 related offenses in connection with a stolen vehicle "chop shop" operation and received a 15 year sentence. Tackett and six others were found guilty of violations of 18 U.S.C. § 371 (conspiracy to deal in stolen vehicles which had crossed state lines); 18 U.S.C. § 2315 (receiving stolen goods valued over $5,000 which had crossed state lines); 18 U.S.C. § 2321 (obtaining with intent to sell vehicles with altered identification numbers); and 18 U.S.C. § 511(a) (knowingly removing motor vehicle identification numbers). Tackett's conviction was affirmed on direct appeal. United States v. Fleming, Nos. 89-6047/6073/6074/6075/6076/6167, 1990 WL 68858 (6th Cir.1990) (per curiam).
 
 
 4
 In 1990, Tackett and three of his co-defendants moved for a new trial pursuant to Fed.R.Crim.P. 33. The motion was denied and the district court's decision was affirmed on appeal. United States v. Mullins, Nos. 91-5423/5425/5426/5427, 1992 WL 23498 (6th Cir.1992), cert. denied, 504 U.S. 989 (1992).
 
 
 5
 In 1994, Tackett filed the § 2255 motion presently before the court. The matter was referred to a magistrate judge who recommended that the motion should be denied. The district court adopted the recommendation over Tackett's objections and this appeal followed. The parties have briefed the issues; Tackett is proceeding without benefit of counsel.
 
 
 6
 Tackett set forth three claims in his motion to vacate: his insistence on a decision by an Article III judge, allegedly improper jury instructions and the lack of subject matter jurisdiction to support his conviction. Tackett, however, argues the merits of only the subject matter jurisdiction claim in this appeal. Issues raised in the district court, but not on appeal, are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). The first two claims are therefore not before the court. An examination of the record and law surrounding the remaining claim reflects that the district court did not err in summarily denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 Tackett contends that the trial court lacked subject matter jurisdiction to prosecute him for his role in the interstate vehicle theft ring. Tackett was named in a 38-count indictment in which the various aspects of the "chop shop" operation were broken down in separate offense units. Tackett seems to concede that, in the abstract, 1) the nature of the allegations is clearly that entire vehicles, as well as their component parts, were transported across state lines at one time or another, 2) that these allegations are sufficient to constitute crimes against the United States, and that 3) pursuant to 18 U.S.C. § 3231 federal district courts have original jurisdiction over crimes committed against the United States. Tackett claims, however, that there are no specific facts in the various counts of the indictment to establish a jurisdictional link under 18 U.S.C. § 3237(a) (offenses begun in one district and completed in another) to the district in which he was convicted.
 
 
 8
 The magistrate judge summarily rejected Tackett's contentions. The magistrate first expressed her doubts as to the timeliness of this contention and then concluded that it was completely devoid of merit. The district court adopted the report in its entirety, although it did not address this claim separately.
 
 
 9
 Tackett's motion to vacate lacks merit. It cannot be seriously disputed that federal district courts are indeed vested with original jurisdiction over crimes committed against the United States. United States Constitution, Art. III § 2; 18 U.S.C. § 3231. Tackett's motion is, in reality, directed to the venue of the district court over his offense or the sufficiency of the indictment. Neither complaint is ordinarily cognizable ab initio in the context of a § 2255 proceeding. See Frank v. United States, 914 F.2d 828, 830 (7th Cir.1990) (sufficiency of indictment cannot be challenged in § 2255 proceeding unless so facially defective as not to change offense); Anderson v. United States, 427 F.2d 165, 166-67 (6th Cir.) (per curiam), cert. denied, 400 U.S. 905 (1970) (same); Williams v. United States, 582 F.2d 1039, 1042 (6th Cir.), cert. denied, 439 U.S. 988 (1978) (venue). There is no jurisdictional defect in Tackett's conviction.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation